No. 46,571

STATE OF KANSAS, *ex rel.* VERN MILLER, Attorney General, *Petitioner*, v. HONORABLE HEBERT ROHLEDER, Judge, Division II, District Court of Barton County, Kansas, *Respondent.*

(490 P. 2d 874)

Opinion filed November 6, 1971.

*Edward G. Collister*, Assistant Attorney General, and *Patrick L. Connolly*, Assistant Attorney General, argued the cause for the petitioner.

*Don C. Foss*, of Great Bend, argued the cause for the respondent and the respondent argued *pro se.*

*Per Curiam:* This is an original proceeding in mandamus filed by the State of Kansas, *ex rel.* Vern Miller, Attorney General, against Herbert Rohleder, Judge, Division 2, District Court of Barton County, Kansas, to set aside a temporary restraining order entered by Judge Rohleder on October 12, 1971.

This action was precipitated by an investigation of law enforcement officers of the State of Kansas into alleged violations of the gambling laws of the State of Kansas in the Great Bend, Kansas, area. The officers seized a quantity of gambling equipment and paraphernalia in eight private clubs in Barton County and subsequent thereto, under the authority of K. S. A. 1970 Supp. 22-3101 (2) (inquisition statute), the Attorney General's office caused subpoenas to be served on certain individuals, including officers, agents and employees of the eight private clubs, commanding said persons to appear and testify and produce certain books, records and invoices pertaining to the operation of the clubs.

On October 12, 1971, two days prior to the date the inquisitions were to be held, the eight private clubs filed a petition in the District Court of Barton County, Kansas, entitled Great Bend Petroleum Club, Inc., et al., v. The State of Kansas; Vern Miller, Attorney General for the State of Kansas and John M. Russell, County Attorney of Barton County, Defendants, being Case No. 24,678. In said petition it was alleged that the plaintiffs were the subject of unconstitutional activities on the part of state law enforcement officers and requested that the defendants be temporarily and permanently enjoined from issuing subpoenas, conducting inquisitions or conducting other proceedings, civil or criminal,

against the plaintiffs named in said action; as well as their officers, directors, agents, employees, members and persons who were on the premises on the evening of October 2, 1971.

On October 12, 1971, the defendant herein entered an *ex parte* temporary restraining order restraining the State of Kansas, the Attorney General, and the County Attorney of Barton County from conducting inquisitions, issuing subpoenas, or instituting other proceedings, civil or criminal, against any of the plaintiffs, their directors, officers, servants, employees, persons authorized to act on their behalf, members and persons on or about the premises operated by the plaintiffs therein.

Subsequent thereto, at the request of the Attorney General's office, the defendant herein set a tentative date of November 19, 1971, as the earliest time when a hearing could be held on a motion to dissolve the restraining order or to convert the temporary restraining order into a temporary injunction.

Thereafter and on the 20th day of October, 1971, this proceeding was filed as above styled. On the same date a copy of the petition herein was served on the defendant together with an order to show cause within five days from the date of the service, why said restraining order of October 12, 1971, entered by the defendant should not be set aside and held for naught. On the 26th day of October, 1971, an answer was filed by defendant herein and a hearing was held in this court. At the conclusion thereof we announced that the restraining order entered by the defendant on October 12, 1971, in Case No. 24,678 in the District Court of Barton County, Kansas, was void and it was directed to be set aside. This opinion is written in compliance with the announcement of the court at the time of the hearing that our written opinion would follow.

We were presented with two questions—was the restraining order entered by the defendant void?—and is mandamus the proper proceeding to correct a void order?

The Attorney General, a constitutional officer (Const. Kan. Art. 1, § 1), is the chief law enforcement officer of the state (*State v. Finch,* 128 Kan. 665, 669, 280 Pac. 910), is one of the state's prosecuting attorneys (K. S. A. 1970 Supp. 22-2202 [19]), and is specifically charged with the duty of abating common nuisances relating to the use and promotion of gambling devices or gambling. (K. S. A. 1970 Supp. 22-3902 [2].) The County Attorney is another of the state's

prosecuting attorneys (K. S. A. 1970 Supp. 22-2202 [19]), and is charged with the mandatory duty of appearing in his county and prosecuting civil or criminal suits arising under the laws of the state in which the state is interested. (K. S. A. 19-702.) He is also specifically charged with enforcing prohibitions against gambling in civil cases.· (K. S. A. 1970 Supp. 22-3902 [2].)

Equity will not assume jurisdiction except under special circumstances, to prevent public officials or servants from doing their duty as required by law (42 Am. Jur. 2d, *Injunctions,* § 175, p. 942); and it is well settled that equity has no jurisdiction in criminal matters which do not affect property rights. (27 Am. Jur. 2d, *Equity,* § 57, p. 578.) There was no allegation in the petition filed in the district court that any property was affected.

The district courts of this state cannot prevent the Attorney General of the state and the County Attorney from performing the duties required of them by statute. To hold otherwise would create chaos in the criminal enforcement laws. To extend such a rule to absurdity would mean that the district court could prevent any person charged with crime from being prosecuted in his jurisdiction and could by the same process prevent any appeal from a decision of his court. This we cannot sanction and must hold that the restraining order issued by the defendant was void.

Turning to the question of whether mandamus is a proper proceeding to correct the void order, we direct attention to the case of *Mobil Oil Corporation v. McHenry,* 200 Kan. 211, 436 P. 2d 982. In that case the District Court of Grant County reduced the assessed valuation of all property situated in Grant County other than property owned by the plaintiffs therein. The court held that the order of the district court was void and that mandamus was the proper proceeding in which to question the validity of such an order. We will not repeat what was said in this exhaustive opinion, except to glean from it some of the rules in support of the conclusion that mandamus is a proper remedy. At page 241 we said:

"The Supreme Court is granted original jurisdiction in proceedings in mandamus by the Kansas Constitution. (Art. 3, § 3.) This jurisdiction is plenary and may be exercised to control the action of inferior courts, over whom the Supreme Court has superintending authority. . . ."

At page 242 we said:

"The use of mandamus is proper to secure the speedy adjudication of questions of law for the guidance of public officials in their administration of the

public business, where the totality of the situation suggests that a legal remedy available to the plaintiffs would be clearly inadequate to meet the public need, notwithstanding that a collateral attack is made upon a void mandatory injunction decree entered by a court of inferior jurisdiction, wherein the plaintiffs were not parties to such action and are clearly entitled to relief. . . ."

At page 239 we said:

"Prior decisions have recognized that mandamus is a proper remedy where the essential purpose of the proceeding is to obtain an authoritative interpretation of the law for the guidance of public officials in their administration.of the public business, notwithstanding the fact there also exists an adequate remedy at law. . . ."

The defendant urges that mandamus should not be a substitute for appeal. In some instances this may be true. An appeal in this case or in any other case in which the Attorney General and the County Attorney are restrained from performing their statutory duties and the delay attendant to appeal would render it an ineffective remedy.

We hold that the restraining order entered by defendant is void and that mandamus in this case is a proper remedy. Judgment for the petitioner.

It is so ordered.