No. 46,361

R. W. HUNTER, HUBERT M. MANN and RUBY D. MANN, *Appellees,*
v. HAROLD HAUN, *Appellant.*

(499 P. 2d 1087)

Opinion filed July 19, 1972.

*Harold L. Haun,* County Attorney, and *Lance Burr,* Assistant Attorney
General, argued the cause, and *Vern Miller,* Attorney General, was with them
on the brief for the appellant.

No appearance by appellees.

The opinion of the court was delivered by

KAUL, J.: Plaintiffs-appellees brought this action to enjoin de-
fendant-appellant, the county attorney of Morris County, from
proceeding against them under the provisions of the Kansas Buyer
Protection Act, K. S. A. 1971 Supp. 50-601, *et seq.,* hereafter re-
ferred to as the act. Specifically, plaintiffs prayed that defendant
be restrained "from taking any statements, evidence or depositions"
pursuant to subpoenas to plaintiffs, which had been issued by
defendant under the provisions of K. S. A. 1971 Supp. 50-605.

On May 27, 1970, the trial court granted a temporary restraining
order which was attacked by a motion to dismiss and vacate.
After a hearing on defendant's motion, the trial court entered
a judgment permanently restraining defendant from proceeding
further against the plaintiffs under the "Consumer Protection Act"
(Buyer Protection Act). Thereafter, the defendant perfected this
appeal.

The proceedings stemmed from a verified complaint filed with
the county attorney by Arthur Davis, a resident of Morris County.

The gist of the complaint reads as follows:

"I listed the following described real estate, to-wit:

"The Northwest Quarter (NW ¼) of Block One (1) Mackinzie Addition in the City of White City, Kansas.

for sale with R. W. Hunter as the real estate broker, Mr. Hunter did not sell the property for more than a year after I had listed it with him. He came to me one day and indicated that he had a buyer and wondered if I would take less than $1,000.00 for it. I said no. He then asked if I would take $1,500.00 for it and I said yes. It was sold to his daughter, Ruby Mann of Skiddy, Kansas.

"Within just a few days after the deal was made I find that Mrs. Mann sold the property to Leon D. Williamson and his wife for $2,500.00 which would mean $1,000.00 profit for them.

"On a later date Mr. Hunter offered to return his broker's fee for selling the property for me to his daughter."

Following the filing of the complaint the county attorney caused subpoenas to be served on R. W. Hunter and Mr. and Mrs. (Ruby) Hubert M. Mann, directing them to appear before the county attorney to answer questions propounded to them concerning the sale of the Davis real estate and that they bring with them all records and papers relevant to the transaction. At this point plaintiffs filed their action seeking to restrain the county attorney. Plaintiffs claimed the subpoenas were not authorized by 50-604 and 50-605; and further that only the attorney general had authority under the statutes specified to issue the subpoenas.

The trial court found that the county attorney was authorized to issue subpoenas under the act (*State v. McPherson*, 208 Kan. 511, 493 P. 2d 228), but held that a transaction involving the sale of real estate situated in Kansas was not within the purview of the act, and, for that reason, permanently enjoined the county attorney from proceeding pursuant to the subpoenas.

Plaintiffs did not appear or file a brief with this court on appeal.

Defendant presents one narrow issue on appeal. It is stated in his brief in this fashion:

"Whether the word 'merchandise' as defined in K. S. A. 1969 Supp. 50-601(*b*) includes real estate located in the State of Kansas."

The statute referred to reads as follows:

"(*b*) The term 'merchandise' includes any objects, wares, goods, commodities, intangibles, real estate situated outside the state of Kansas or services;"

After hearing the arguments of counsel, the trial court ruled:

"All right, gentlemen. I happened to have had this very question on here on the merchandising, and I must be consistent, and I think real estate within

Kansas falls without the purview of the act, and, in fact, it's 21-551, and I think there is a specific reason why real estate outside of the state is covered, that's because of advertising for land to sell you swamps in Florida and what have you. This was the purpose of it.

"I think further that the County Attorney, and so rule, does have a right to bring the action if he had a proper subject matter, and that it's not limited or restricted to the County Attorney—or, Attorney General, excuse me, but, of course, the Court has found that he doesn't have a proper subject matter."

We are constrained to agree with the trial court.

Defendant makes several arguments on appeal, including an assertion that Kansas real estate could be included within the definition of the words "objects" or "commodities" as they are used in the statutory definition of "merchandise." If the statute was silent concerning real estate his argument might be persuasive; however, the statute specifically mentions real estate and if the legislature had intended the term "merchandise" to include real estate wherever situated it could have said so rather than specifically referring only to real estate situated outside the state. The specific reference to real estate must control over the general terms "objects" or "commodities."

Defendant says that it seems unreasonable that the legislature intended that the act apply to fraudulent transactions involving real estate located outside Kansas and yet did not intend application to the same fraud in a similar situation involving Kansas real estate. As the trial court pointed out, defendant overlooks the fact that there are other Kansas statutes affording remedies for fraud arising from transactions concerning Kansas real estate.

Defendant further argues that since the purpose of the act is the elimination of fraudulent practices in sales that it should be liberally construed to include sales of Kansas real estate to accomplish the policy of eliminating all fraudulent practices in connection with sales. While this may be the broad policy of the act we are precluded, by well-established rules governing the interpretation of statutes, from searching for another meaning to give a statute when the language used is plain and unambiguous.

In the case of *Alter v. Johnson*, 127 Kan. 443, 273 Pac. 474, Chief Justice Johnston stated the applicable rule in these terms:

". . . In interpreting a statute the safer rule for us to follow is to ascertain the true intent of the legislature. That intent is to be derived in the first place from the words used, and when that intent is apparent and is appropriate to the obvious purpose of the act we should give that intent effect

rather than to search for another meaning, although we might think some other policy would be more effectual. . . ." (p. 447.)

See, also, *City of Overland Park v. Nikias,* 209 Kan. 643, 498 P. 2d 56, *Hand v. Board of Education,* 198 Kan. 460, 426 P. 2d 124.

The language of the statute under consideration is plain and its purpose to reach nonresident sellers or agents who engage in fraudulent practices in attempting to sell out-of-state real estate to Kansas buyers is obvious.

We hold that Kansas real estate does not fall within any of the items specifically enumerated as being included in the term "merchandise" by the provisions of K. S. A. 1971 Supp. 50-601(*b*).

It should be noted that in arriving at the conclusion announced herein, we are not unmindful of the rule announced in *State, ex rel., v. Rohleder,* 208 Kan. 193, 490 P. 2d 374, that the district courts of this state cannot prevent the attorney general or a county attorney from performing the duties required of them by statute. In the instant case the restraint was directed only at subpoena proceedings under 50-605, *supra,* in connection with a transaction, not within the scope of the "Buyer Protection Act." The restraint here has no bearing on the authority or duty of the county attorney with respect to the enforcement of the laws of the state of Kansas.

The judgment is affirmed.

FROMME, J., concurring: Under the narrow issue presented to this court I agree that the county attorney was properly restrained from proceeding under the "Consumer Protection Act". The definition in K. S. A. 1969 Supp. 50-601 (*b*) of "merchandise" does not include real estate located in Kansas, and the complaint lodged with the county attorney did not fall within the purview of those practices declared unlawful by K. S. A. 1969 Supp. 50-602.

The statute 50-602, which defines the practices rendered unlawful, in pertinent part reads:

"**Unlawful practices.** The act, use or employment by any person of anv deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice: . . . ."

The definition of "merchandise" contained in 50-601 (*b*) includes the word "services" without restriction.

The opinion of the court should not be construed to extend beyond the narrow confines of the issue decided. In a future case which encompasses an unlawful practice set forth in 50-602 and which involves the sale of the "services" of a real estate broker I would afford a buyer the protection of the act even though the "services" of the broker may have related to a sale of real estate in Kansas.