No. 53,741

STATE OF KANSAS, *ex rel.* STEVEN L. CRANFORD, Deputy County Attorney of Cowley County, Kansas, *Petitioner,* v. THE HONORABLE ROBERT L. BISHOP, Associate District Judge, Position 2, District Court of Cowley County, *Respondent.*

(640 P.2d 1271)

Opinion filed February 27, 1982.

*Steven L. Cranford,* deputy county attorney, for petitioner.

*T. L. Green,* special assistant attorney general, for respondent.

The opinion of the court was delivered by

HERD, J.: This is an original mandamus action wherein Steven L. Cranford, deputy county attorney of Cowley County, petitions this court for an order of mandamus directing Robert L. Bishop, associate district judge, to issue subpoenas for witnesses in an inquisition being conducted by the petitioner involving the entry into the Struthers Thermo-Flood Corporation in Cowley County by four individuals associated with a competitor of that company. The petitioner obtained information from the law firm which represents Struthers Thermo-Flood that the competitors gained access to the plant by deception and obtained trade secrets or tangible personal property. In June, 1981, Cranford made application to conduct an inquisition. Judge Bishop issued subpoenas pursuant to a praecipe filed in connection with the inquisition. The initial part of the inquisition was conducted. Mr. Cranford directed his inquiry primarily toward the appropriation of trade secrets. Only one question was posed about the possible taking of personal property. A copy of the transcript of the initial inquisition was sent to the law firm representing Struthers on June 26, 1981, only seven days after the testimony. That law firm would be interested in any information the inquisition would disclose about purloined trade secrets for use in a civil suit.

In September, 1981, petitioner filed a praecipe for more subpoenas which resulted in the present action. Judge Bishop became convinced no public interest was involved and that

Struthers' remedy was a civil action. He believed the object of inquisition was the appropriation of trade secrets or manufacturing processes and not tangible personal property. In his opinion further subpoenas would constitute an abuse of the inquisition process. He refused to issue the subpoenas. This action followed.

The question presented is: Does a district judge have authority to refuse to issue subpoenas under K.S.A. 1980 Supp. 22-3101 after an application for an inquisition has been filed? That statute states:

"(1) If the attorney general, an assistant attorney general, or the county attorney of any county is informed or has knowledge of any alleged violation of the laws of Kansas, such person may apply to a district judge to conduct an inquisition. An application for an inquisition shall be in writing, verified under oath, setting forth the alleged violation of law. Upon the filing of the application, the judge with whom it is filed shall, on the written praecipe of the attorney general, assistant attorney general or county attorney, issue a subpoena for the witnesses named in such praecipe commanding them to appear and testify concerning the matters under investigation. Such subpoenas shall be served and returned as subpoenas for witnesses in criminal cases in the district court.

"(2) If the attorney general, assistant attorney general or county attorney of any county is informed or has knowledge of any alleged violation of [in] this state pertaining to gambling, intoxicating liquors, criminal syndicalism, racketeering, bribery, tampering with a sports contest, narcotic or dangerous drugs or any violation of any law where the accused is a fugitive from justice, he or she shall be authorized to issue subpoenas for such persons as he or she shall have any reason to believe have any information relating thereto or knowledge thereof, to appear before him or her at a time and place to be designated in the subpoena and testify concerning any such violation. For such purposes, any prosecuting attorney shall be authorized to administer oaths."

Paragraph (1) is applicable to this case. Petitioner contends after the application for an inquisition is properly filed, the judge has a statutorily imposed duty to issue subpoenas to whomever the petitioner requests in his praecipe, without discretion. Respondent argues that a judge has inherent discretionary power under the statute. For example, he notes a judge has the power to determine if an application for inquisition meets the requirements of K.S.A. 1980 Supp. 22-3101(1), and if it does not, the judge can properly refuse to issue subpoenas. He further contends a judge has discretion to refuse to issue subpoenas when he determines the inquisition would amount to an abuse of judicial process.

In *Southwestern Bell Tel. Co. v. Miller,* 2 Kan. App. 2d 558, 561, 583 P.2d 1042 (1978), the court stated:

"There can be no doubt that the county prosecutors of this state, along with the attorney general, have a duty to investigate all criminal activity which comes to their attention, and that the inquisition statute is a primary tool entrusted to them by the legislature to assist in that function. [Citations omitted.] If information about criminal activity is in the hands of an individual, it can clearly be acquired by compelling that individual's testimony. If, as here, the information is in the hands of a corporation in the form of corporate records, the construction adopted below would mean it is beyond the reach of the official charged with the duty of investigating and prosecuting. We find it hard to believe the legislature intended the forces of law enforcement to go into the battle against crime with half their guns spiked."

In *State, ex rel. v. Rohleder,* 208 Kan. 193, 195, 490 P.2d 374 (1971), the court held:

"The district courts of this state cannot prevent  .  .  .  the County Attorney from performing the duties required of them by statute. To hold otherwise would create chaos in the criminal enforcement laws. To extend such a rule to absurdity would mean that the district court could prevent any person charged with crime from being prosecuted in his jurisdiction and could by the same process prevent any appeal from a decision of his court."

On the other hand, at page 566 of the *Southwestern Bell* case, the court noted "the courts are always open to prevent abuse in suits such as this one, if the need arises."

Inevitably, then, the court must perform a balancing act. Maintenance of public order and effective administration of the criminal law require effective methods for the discovery of crime. At the same time, however, the public interest demands that individual rights be adequately protected and those methods not be abused. See Comment, *The Inquisition in Kansas — Its Use, Disuse and Abuse,* 6 Kan. L. Rev. 452, 453 (1958). Under K.S.A. 1980 Supp. 22-3101(1) the district judge must possess some inherent discretion to prevent abuse of the inquisition power. Here, unlike the *Southwestern Bell* case, there is a claim of abuse. Judge Bishop acted within his discretionary power.

We hold a district court has the inherent power to refuse to issue subpoenas under K.S.A. 1980 Supp. 22-3101 to avoid abuse of judicial process and the court did not abuse its discretion in this case.

The petition for writ of mandamus is denied.

MILLER, J., concurring:

I agree with the majority opinion and the order denying the writ of mandamus for the reason stated. Additionally, I would

deny mandamus for the reason that, in my judgment, the petitioner, a deputy county attorney, is not authorized by statute to commence a proceeding for an inquisition. A review of the statutes supports this conclusion.

The original act from which K.S.A. 1980 Supp. 22-3101 is derived is Section 8 of Chapter 149, Laws of 1885. That act authorized the *county attorney* to issue subpoenas for persons having knowledge of violations of the prohibitory law. The act was amended in 1901 in matters not here material. By Section 5 of Chapter 263, Laws of 1907, the statute was enlarged to permit the issuance of subpoenas by both the county attorney *or any attorney general*. That act also provided for the issuance of subpoenas by a justice of the peace or a clerk of the court of record "upon the written praecipe of the county attorney or attorney-general."

By Section 6 of Chapter 164, Laws of 1909, the county attorney, attorney general *or assistant attorney general* were authorized to issue subpoenas and conduct inquisitions into violations of the prohibitory liquor laws. All of the acts mentioned up to this time related only to inquisitions for alleged violation of the prohibitory liquor laws.

Section 1 of Chapter 87, Laws of 1915, authorized the county attorney, attorney general, or assistant attorney general, to conduct inquisitions into the violation of any of the provisions of the laws of this state, and authorized those officials to issue subpoenas. Justices of the peace, on the written praecipe of the county attorney, attorney general, or assistant attorney general, were authorized to issue subpoenas.

The law was again amended in the Revised Statutes of 1923, Section 62-301, by which the county attorney, attorney general, or assistant attorney general, were authorized to issue subpoenas in inquisitions relating to violations of the gambling and intoxicating liquor laws, or of any violation of any law where the accused was a fugitive; in conducting inquisitions relating to violations of any other law of the state, the county attorney, attorney general, or assistant attorney general, was authorized to file with a judge or justice of the peace a praecipe for the issuance of subpoenas. The provisions of the 1923 act were carried virtually unchanged in subsequent general statutes and in K.S.A. 62-301 (Corrick). The revision of the Code of Criminal Procedure, enacted in 1970, resulted in an enlargement of the list of offenses for violation of

which the attorney general, assistant attorney general, or county attorney were authorized to issue subpoenas; but, for inquiry into violations other than of the listed offenses, the attorney general, an assistant attorney general, or the county attorney, were required to make application to a judge of the district court for the issuance of subpoenas. K.S.A. 22-3101. The current statute, K.S.A. 1980 Supp. 22-3101, contains similar provisions. Nowhere does this statute provide for the commencement of inquisition proceeding by a *deputy* county attorney, a special prosecutor, a city attorney, or any person other than the attorney general, an assistant attorney general, or the county attorney. It is apparent to me that the legislature intended to restrict the power to commence these proceedings to the principal prosecuting attorneys of this state and its counties, similar to the manner in which the applications for wire-interception are restricted by K.S.A. 1980 Supp. 22-2515 and 18 U.S.C. § 2516(2).

There is no indication in any of these proceedings that the county attorney of Cowley County at any time authorized or was made aware of the commencement of the inquisition proceedings or of this mandamus action. His name is singularly absent, not only from the original district court proceedings, but from the mandamus action commenced in this court. For the reasons stated, I do not believe that the statute authorizes a deputy county attorney to commence inquisition proceedings; such power is specifically reserved to the county attorney, the attorney general and assistant attorneys general. Since the inquisition was not commenced by an authorized official, relief in this mandamus proceeding must be denied.

PRAGER and McFARLAND, JJ., join the foregoing concurring opinion.