(717 P.2d 531)

No. 58,566

CARL SMITH and VICKI SMITH, *Appellants*, v. RICHARD L. FRAZIER, M.D., *et al, Appellees*.

Opinion filed April 24, 1986.

*Andrew Heyl*, of Overland Park, for the appellants.

*Charles L. Davis, Jr.*, and *James G. Keller*, of Davis, Unrein, Hummer & McCallister, of Topeka, for the appellee/cross-appellant Richard L. Frazier, M.D.

*Don C. Krueger*, of Don C. Krueger, Chartered, of Emporia, appellee.

Before BRISCOE, P.J., JAMES W. PADDOCK, District Judge, assigned, and ROBERT G. JONES, Associate District Judge, assigned.

BRISCOE, J.: The plaintiffs, Carl and Vicki Smith, appeal from the trial court's order approving the assessment of fees and expenses incurred by four medical malpractice screening panels. Don C. Krueger, an Emporia attorney who acted as chairperson for each of the panels, appears as appellee. One defendant, Richard L. Frazier, M.D., also appears as appellee and cross-appellant.

Both the plaintiffs and the defendant/cross-appellant contend the award is contrary to Supreme Court Rule 142, 235 Kan. cxi, which limits screening panel members' fees to $35 per day. Plaintiffs also contend the fees and expenses awarded were excessive and unsupported by the evidence.

Plaintiffs filed a request for a medical malpractice screening panel pursuant to K.S.A. 65-4901. Their request was premised on the alleged negligence of five physicians, a hospital, and a

mental health center. Four separate panels were convened, each consisting of Mr. Krueger as chairperson and three physicians specializing in the field of medicine reviewed. In accordance with K.S.A. 65-4901, the court selected the chairperson, the plaintiffs selected a physician for each panel, and the defendant or defendants whose negligence was at issue selected a physician for that specific panel, with the parties agreeing on the selection of an independent physician for each panel.

When all four panels completed their review, the matter came before the trial court for approval. The court accepted the opinions of the screening panels and also, over objection of all counsel for the parties, approved all fees and expenses requested by the panel members. Mr. Krueger was allowed a $3,450 fee for 46 hours of work at $75 per hour plus $848.30 in secretarial and other expenses. Mr. Krueger charged $30 per hour for his secretary's time. The twelve physicians serving on the screening panels were allowed anywhere from $200 to $952. These charges were not itemized.

In addition to approving all fees and expenses requested, the trial court divided the physicians' fees and expenses according to which party had selected the physician, with plaintiffs paying the entire cost of the physician they selected and one-half the costs associated with the independent physician. The doctor being reviewed was assessed the costs of the physician he selected and one-half the cost of the independent physician. Mr. Krueger's fees and other expenses were equally divided. No fees and expenses were assessed against either Newman Memorial County Hospital or the Mental Health Center of East Central Kansas.

The pertinent provision of Supreme Court Rule 142 provides:

"(c) *Compensation and Expenses.*

"(1) Each member of the screening panel shall be allowed a fee of $35 for each day in attendance at a meeting of the screening panel, together with mileage and actual expenses.

"(2) Expenses may be allowed for secretarial services required by the screening panel.

"(3) Each party shall advance to the chairperson the sum of $100 when the screening panel is convened to be applied to the compensation and expenses of the panel members. Prior to the handing down of the panel's opinion, the final compensation and expenses shall be determined by the chairperson and paid by the parties equally."

The trial court refused to limit screening panel members' fees

to $35 per day based on its conclusion that this was an exceptional case. The trial court reasoned that it had discretion to deviate from the rule and could award reasonable fees. This was an abuse of discretion as the rule clearly does not give the trial court any authority to deviate from the $35 per day fee.

We reject the several arguments made in favor of allowing the higher fees. First, we find no basis for the contention that the Supreme Court rule and related statutes are ambiguous. Second, the suggestion that the rule as written makes assembly of a panel impossible cannot alter the presumption that the rule means what it so clearly says. Finally, the fact that other trial courts have previously deviated from the rule does not provide this court with a basis for setting aside the rule as written.

Plaintiffs next contend that fees and expenses awarded were excessive and unsupported by evidence. As we have stated, since the fees and expenses allowed were beyond that permitted by Supreme Court Rule 142, they must be set aside. As to expenses allowed, the Supreme Court rule provides no guidance. Logically, the trial court should require some documentation of these expenses and limit recovery to a reasonable amount.

As a final issue, we address Mr. Krueger's contention that plaintiffs should be barred from raising the foregoing issues under a theory of equitable estoppel. Mr. Krueger contends that plaintiffs should be estopped in appealing the trial court's award in that they failed to object to his requested fee until after he had rendered his services. Mr. Krueger notes that he informed all parties of his charges by his January 24, 1985, letter and suggests that he directed them to file any objections with the court before February 1, 1985. According to Mr. Krueger, since no objections were filed with the court, plaintiffs' objections at this late date should be deemed waived. We are not persuaded by this argument.

First, while Mr. Krueger did inform counsel of his requested fee, his letter did not direct them to file objections with the court. In addition, Mr. Krueger's requested fee had not been approved by court order on January 24, 1985, as his letter indicated. Moreover, two attorneys in the case actually wrote Mr. Krueger and objected to his requested fee. These objections were made several days after Mr. Krueger's self-imposed deadline had passed, but before Mr. Krueger rendered any additional services.

Again, it should be noted that the trial court never entered an order prior to final disposition approving Mr. Krueger's fee, nor did the trial court impose any deadline for objecting to Mr. Krueger's request. Finally, it does not appear that Mr. Krueger made any formal attempt to clarify his rate of compensation, despite the fact two attorneys in the case had raised objections.

Second, equitable estoppel cannot be employed to circumvent a Supreme Court rule. Mr. Krueger was aware that Rule 142 limited compensation to $35 per day and he cannot avoid the rule simply by arguing the parties did not bring it to the trial court's attention initially.

Accordingly, we reverse and remand with the following directions: First, on remand the trial court should treat the four separate panels individually. Mr. Krueger should be compensated as the chairperson of each panel. Second, the fees and expenses for each individual panel should be totalled and this amount should be divided equally between the plaintiffs and the physician or physicians being reviewed. The trial court should not base its assessment on which party selected the particular panel member. Third, the trial court should assess any costs listed in K.S.A. 60-2003 against plaintiffs pursuant to K.S.A. 65-4907. Finally, the trial court was correct in not assessing any costs against Newman Memorial County Hospital or the Mental Health Center of East Central Kansas.

Reversed and remanded with directions. Mr. Krueger's request for attorney fees and expenses resulting from this appeal is denied.