No. 80,792

SIDNEY C. JOHNSON, SR., *Appellant*, v. PRAVEEN S. MEHTA, M.D., and ST. JOSEPH HOSPITAL, CLOUD COUNTY HEALTH CENTER, INC., *Appellees*.

(974 P.2d 597)

Opinion filed March 5, 1999.

*Steven L. Hornbaker*, of Harper, Hornbaker, Altenhofen & Opat, Chartered, of Junction City, argued the cause and was on the brief for appellant.

*Susan J. Early*, of Blackwell, Sanders, Matheny, Weary & Lombardi, L.L.P., of Overland Park, argued the cause, and *Kristopher A. Kuehn*, of the same firm, was with her on the brief for appellee St. Joseph Hospital, Cloud County Health Center, Inc.

*Anne M. Kindling*, of Goodell, Stratton, Edmonds & Palmer, L.L.P., of Topeka, argued the cause, and *Wayne T. Stratton*, of the same firm, was with her on the brief for appellee Praveen S. Mehta.

The opinion of the court was delivered by

SIX, J.: This case involves the propriety of a district court order requiring the payment of a deposit for costs for a K.S.A. 65-4901 medical malpractice screening panel. Sidney C. Johnson appeals the order dismissing the screening panel because he failed to either prepay $625 as a costs deposit or file an affidavit of indigence or hardship. Our jurisdiction is under K.S.A. 20-3018(c) (a transfer from the Court of Appeals on our motion).

The single issue is whether the district court has the inherent authority to order prepayment of K.S.A. 65-4907 screening panel costs in the form of a deposit from the party requesting the panel.

The answer is, "No." We reverse the district court.

## FACTS

Johnson filed a petition for the appointment of a medical malpractice screening panel under K.S.A. 65-4901. Named respondents were Praveen S. Mehta, M.D. (Mehta) and St. Joseph Hospital, Cloud County Health Center, Inc. (St. Joseph). The district court convened a panel and ordered Johnson to pay a costs deposit of $625 to the court clerk within 10 days. In the alternative, Johnson could request a waiver of the costs deposit supported by an affidavit of indigence or hardship. The district court specifically stated in its order convening the panel that failure either to post the deposit or file an affidavit would result in dismissal of the proceedings. Johnson refused. In denying Johnson's motion for reconsideration, the district judge commented from the bench:

"My understanding is there's some clinical evidence to show that we have had problems with this, and I say we, at least in the court system, so for those reasons, and particularly where the Court has given the petitioner an opportunity to show an economic hardship, the Court finds that the motion to reconsider should be denied, and the panel is dismissed."

K.S.A. 65-4907 states in pertinent part:

"(b) Costs of the panel including travel expenses and other expenses of the review *shall be paid by the side in whose favor the majority opinion is written*. . . . Items which may be included in the taxation of costs shall be those items enumerated by K.S.A. 60-2003 and amendments thereto." (Emphasis added.)

## DISCUSSION

Interpretation of K.S.A. 65-4907(b) is a question of law. Our review is unlimited. *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

Medical malpractice screening panels are creatures of statute under K.S.A. 65-4901 *et seq.* Supreme Court Rule 142 (1998 Kan. Ct. R. Annot. 179) also plays a role in screening panel procedure, compensation, and expenses. Rule 142(c) provides that compen-

sation and expenses of panel members "shall be as provided in K.S.A. 65-4907." (1998 Kan. Ct. R. Annot. 180.)

A medical malpractice screening panel has three health care members and one chairperson. K.S.A. 65-4901. Each health care member is to receive $250 for all work performed (the chairperson of the panel, an attorney, receives $500). K.S.A. 65-4907(a). The costs are directed by the legislature to be paid by the side in whose favor the majority opinion is written. If the panel makes no recommendation, each side is responsible for paying one-half of the costs. K.S.A. 65-4907(b).

The district court assessed one-half of the $1250 to Johnson as a costs deposit. No assessment was imposed on either Dr. Mehta or St. Joseph. Johnson contends that the district court abused its discretion. Mehta and St. Joseph counter, asserting that the district court's inherent authority controls.

## The Parties' Contentions

Johnson reasons that screening panels are creatures of statute. He argues that because there is no statutory authority for requiring a costs deposit for medical malpractice screening panels, the district court abused its discretion in doing so. Johnson relies on *Hodges v. Lister,* 207 Kan. 260, 485 P.2d 165 (1971).

*Hodges* holds that a district court's inherent powers do not include the ability to tax costs in violation of a statute. 207 Kan. at 265. The district court in *Hodges* improperly assessed jury fees, including lunch money and mileage, as costs in a negligence action. 207 Kan. at 264-65. Those items were not among the costs assessable to a litigant under K.S.A. 60-2003. By statute, such costs were payable by the county. K.S.A. 1970 Supp. 28-122 and K.S.A. 28-150.

Mehta argues that the district court's requirement of a costs deposit does not amount to taxing costs in violation of a statute. He observes that there is no statutory prohibition against requiring a costs deposit. In *Hodges*, the district court assessed costs in violation of a statute because the fees were supposed to be paid by the county, not the litigants. Here, the parties, by statute, are ultimately responsible for paying the costs. Thus, Mehta reasons

*Hodges* is not applicable because, unlike *Hodges*, the costs at issue here were not assessed to a party other than one who might ultimately be required to pay. Mehta points out that Johnson would be required to pay all the costs if he prevailed or half the costs if no recommendation was given by the screening panel. The only circumstance in which Johnson would not be responsible for paying the costs would be if the screening panel's opinion favored either Mehta or St. Joseph. Mehta characterizes the $625 as a "deposit" which would be refunded to Johnson in the event he did not prevail.

Johnson also relies on The Manual of Procedure for the Office of the Clerk of the District Court (1998). Johnson alleges the Manual states that no costs deposit is required for the filing of a medical malpractice screening panel. While admitting that the Manual is not a rule or an authority, he suggests it offers "some guidance."

Mehta questions Johnson's reliance on the Manual. First, argues Mehta, the Manual is not authority but is a procedural guide for district court clerks. Second, the Manual simply says: "No docket fee is required," and a docket fee is very different from a costs deposit. Manual, CV-17.

Mehta invites our attention to *State ex rel. Cranford v. Bishop,* 230 Kan. 799, 640 P.2d 1271 (1982), in support of his inherent power argument. Respondent, Robert L. Bishop, an associate district judge, refused to issue further subpoenas in an inquisition initiated by a deputy county attorney. Judge Bishop reasoned further subpoenas would constitute an abuse of the inquisition process. 230 Kan. at 800. We denied a mandamus action directed against Judge Bishop and held: "Under K.S.A. 1980 Supp. 22-3101(1) the district judge must possess some inherent discretion to prevent abuse of the inquisition power." 230 Kan. at 801.

Johnson discounts the effect of *Bishop* by observing that there is no allegation or finding that Johnson was abusing process. Under the facts as presented here, we believe such a finding is improbable. The well-established inherent power doctrine is not controlling here.

St. Joseph observes that the costs at issue are statutorily mandated. As such, the hospital reasons, they are costs that "shall be

taxed and billed against the parties as directed by the court." K.S.A. 1998 Supp. 60-2001(d). St. Joseph acknowledges 60-2001(d) is not referenced in the K.S.A. 65-4907 medical malpractice section.

St. Joseph argues: "By expressly providing that K.S.A. 60-2003 applies to screening panel proceedings, the legislature acknowledges that the cost provisions of Article 20 of Chapter 60 are relevant in screening panel cases."

## Analysis

St. Joseph's argument is tenuous because K.S.A. 65-4907(b) identifies a specific costs payor, the side "in whose favor the majority opinion is written." We do not rely on either *Hodges* or the Manual in resolving the issue. We are concerned here with the inherent power of the district court, not the duties of district court clerks.

Although the question is close, resolution is found in the history of screening panel compensation and expenses. Before 1986, Rule 142(c)(1) (235 Kan. cxi) limited panel members to $35 per day plus mileage and actual expenses. When the panel was convened, each party advanced $100 to the chairperson, to be applied to compensation and expenses. Final compensation and expenses were determined by the chairperson and paid equally by the parties. Rule 142 (c)(3).

*Smith v. Frazier,* 11 Kan. App. 2d 212, 717 P.2d 531, *rev. denied* 239 Kan. 695 (1986), a screening panel case, held that a district court had no discretion to increase the $35 per day and award reasonable fees in an exceptional case. Rule 142 did not give the district court any authority to deviate from the $35 per day fee. 11 Kan. App. 2d at 214.

The legislature amended the screening panel statute in 1986 and 1991, adding the language now before us. L. 1986, ch. 229, § 50; L. 1991, ch. 175, § 2. The costs of the panel are to be paid by the party in whose favor the majority opinion is written. K.S.A. 65-4907(b). At the same time the legislature also allowed the panel's written report to be admissible at any later trial. L. 1986, ch. 229, § 49 (now K.S.A. 60-4904[c]).

The novel concept of assessing costs to the prevailing party appears unique to K.S.A. 65-4907. No discretion is vested in the district court to deviate from assessing the prevailing party. The traditional costs assessment practice is expressed in K.S.A. 60-2002. Costs are allowed (not assessed) to the prevailing party, unless otherwise provided by statute or by order of the judge. No distinction is made between case type. The judge has discretionary authority to assess costs.

We reason that the legislature's rejection of the pre-1986 Rule 142 costs deposit approach is significant. Legislative intent is found in the K.S.A. 65-4907(b) mandate: The prevailing party pays. Johnson was not a prevailing party at the time he was ordered to pay. Legislative entry into screening panel costs assessment trumps the court's inherent authority.

We hold the legislature has controlled screening panel costs allocation with K.S.A. 65-4907(b). The district court's inherent authority is not broad enough to override the legislative signal placing payment on the prevailing party (the side in whose favor the majority opinion is written).

Reversed.