**Nellie POLETTE et al., Plaintiffs-Appellants,**

v.

**Walter G. WILLIAMS, and Sharon Williams, his wife, Defendants-Respondents.**

**No. 34508.**

Missouri Court of Appeals, St. Louis District.

June 5, 1973.

Earl R. Blackwell, Hillsboro, for plaintiffs-appellants.

Dearing, Richeson, Roberts & Wegmann, Hillsboro, for defendants-respondents.

KELLY, Judge.

This is the second appeal in this case, the first having been been decided in Division No. 2 of the Supreme Court of Missouri and reported at 456 S.W.2d 328 resulted in a reversal and remand because of the absence of a necessary party, Wanda Thurman, who has been joined in this present proceeding in a party-plaintiff-appellant. On the retrial it was stipulated by the parties that the cause would be submit-

ted to the trial judge on the entire record of the first trial plus additional testimony of a witness offered by the plaintiffs-appellants to establish the value of the tract of land involved herein. The trial court, after having taken the matter under submission, entered judgment for the defendants-respondents and this second appeal followed.

The single issue presented to this court for review is that the trial court erred in entering judgment for the defendants-respondents on the grounds that the evidence clearly and conclusively showed that the defendant Walter G. Williams had unquestionably breached the provision contained in a deed, thereby effectuating the reverter clause contained in said deed to the partial benefit of the plaintiffs-appellants.

The facts in this appeal are the same as those set out in the appeal previously presented to the Supreme Court and set out in 456 S.W.2d 1. c. 329–330; except as necessary here we shall not reiterate them since those interested in the factual disputes may refer to the report of the earlier appeal, and the only additional evidence does not affect the outcome here.

Defendants-respondents (hereinafter referred to as "respondents") have filed a motion to dismiss plaintiffs-appellants' (hereinafter referred to as "appellants") appeal for failure to comply with Rule 84.-04(c), V.A.M.R., on the ground that appellants' brief does not present a fair and concise statement of the facts relevant to the questions presented for determination but rather constitutes instead an argument de hors the issues framed by the pleadings and the evidence relative thereto. This motion was taken with the case, and although it has some merit in it, we have chosen to deny the motion and dispose of this appeal on the merits.

Appellants commenced this action by filing a petition in the trial court seeking to set aside a deed. The appellants, all sisters, sued the respondents, a brother and his wife, alleging that they, together with their brother, Walter G. Williams, were the lawful heirs of Lillie May Williams who died intestate on the "———— day of March, 1964"; that on or about the 10th day of October, 1953, Lillie May Williams and Alfred G. Williams, her husband (who had predeceased her in 1962) conveyed the tract of land described therein to Walter G. Williams; that the consideration for the conveyance was that Walter G. Williams "bound and obligated himself to provide a suitable home for the grantors, as long as they both lived, with all the necessities of life, including food, clothing, shelter, luxuries, medical and hospital attention, drugs and any other items necessary to the comfort and maintenance of grantors;" that if the grantee failed to fully and faithfully comply with this provision in the deed, and by reason thereof the premises reverted to the estate of the late Lillie May Williams for the benefit of appellants; and that for the aforesaid reasons the deed should be set aside and annulled. The appellants asked the court to enter a decree setting aside, annulling and voiding the deed. This petition was subsequently amended excluding from the paragraph describing the tract of land in issue a tract set out in the aforesaid amendment.

Respondents filed their answer admitting their residency in Jefferson County, Missouri, and the allegations with reference to the death of Lillie May Williams, her heirs at law, and the conveyance of the tract of land from Lillie May Williams and Alfred G. Williams, her husband, who died in 1962; they then denied the remaining allegations of the petition and raised the issue that Wanda Thurman was a necessary party to the law suit. Further pleading, the respondents alleged that Walter G. Williams paid a good and valuable consideration in the amount of $8,000.00 for the conveyance, and that he further complied with the provisions of the deed with reference to providing for the decedents; and that the right of reverter was personal to the grantors in the warranty deed and did not descend to the appellants as heirs at law of the grantors.

With the pleadings in this state, the cause came on for trial.

Respondents' second pleaded defense has been decided adversely to them in the prior appeal—456 S.W.2d l. c. 331.

■■ Cancellation of a deed is an exercise of extraordinary powers of a court of equity which should not be exercised except where the evidence is clear, cogent and convincing, and the burden of proof rests on the party seeking to have the deed cancelled. Wilkie v. Elmore, 395 S.W.2d 168, 172 (Mo.1965); 12 C.J.S. 1060 Cancellation of Instruments § 71. A promise of support and care alone can constitute consideration for a conveyance of realty. Anderson v. Gaines, 156 Mo. 664, 57 S.W. 726, 727–728 (1900).

■ In reviewing the action of the trial court in a case of this nature the appellate court reviews the case both on the law and the evidence, and shall not set aside the trial court's judgment unless it is clearly erroneous, giving due regard to the trial judge's opportunity to observe and determine the credibility of the witnesses. Rule 73.01(d) V.A.M.R.; Blades v. Ossenfort, 481 S.W.2d 531, 534 [1] (Mo.App.1972).

■ Appellants' case was, at best, founded upon some circumstantial evidence surrounding the cancellation of a $6,000.00 deed of trust executed by respondent Walter G. Williams to secure the balance of the purchase price he paid his parents for the warranty deed. In addition, the $2,000.00 check delivered to the decedents and cashed by them was introduced into evidence. They also introduced evidence that respondent Walter G. Williams was not employed by Pittsburgh Plate Glass Company, one of the major employers in the area, for a period of more than two years during the lifetime of the decedents and after the conveyance, apparently in an effort to show that he could not have contributed to the support of his parents during that period. Wanda Thurman, one of the sisters and at best a reluctant party to the suit, testified that her brother, Walter, had advised her after the death of her mother that some money was to be divided up. They put much emphasis on evidence that both of the decedents during their lifetime, and subsequent to the date of the conveyance, wrote checks on a bank account in the Citizens Bank of Festus, Missouri; they conclude that these checks were written for necessities and other living expenses of the parents during this time, but the record is devoid of any direct evidence to this effect.

The Supreme Court in the prior appeal said, 456 S.W.2d l. c. 333:

"We observe, however, that this reversal of the judgment is not to be considered, directly or indirectly, as an inference that the evidence (which we have read) establishes a case justifying the cancellation of the deed in question on the merits."

Assuming for the purpose of our ruling that the appellants did make a submissible case, the respondents introduced evidence which, if believed, would establish that Walter G. Williams did live up to the care and support requirements of the deed. 456 S.W.2d l. c. 329–330. The additional evidence offered by the appellants upon the retrial did not change the picture. This witness, a real estate broker, testified to his opinion of the value of the 52 acres involved as of the date of the re-trial—to-wit: August 30, 1971. On cross-examination he candidly admitted that he had no opinion as to the value of the property in October, 1953, the month in which the conveyance was executed. Nor did he have any opinion of the value of the property in November, 1961, when Alfred G. Williams died, nor in March, 1964, when Lillie May Williams died. He would assume, however, that its value would have been less than it was in 1971.

We have reviewed the case both on the law and the evidence, and we conclude that the trial court's judgment is not clearly erroneous and we therefore affirm.

SMITH, P. J., and SIMEONE, J., concur.