CITY OF ST. LOUIS, Plaintiff-Appellant,

v.

Wilfred J. BOOS, President, formerly Vice President, Del Monte-Arcade Realty Company, Inc., Defendant-Respondent.

No. 34679.

Missouri Court of Appeals, St. Louis District.

Dec. 4, 1973.

Robert C. McNicholas, Raymond J. Issa, Asst. City Counselors, St. Louis, for plaintiff-appellant.

Klamen, Summers, Wattenberg & Compton, Norman W. Drey, Jr., Clayton, for defendant-respondent.

GUNN, Judge.

Plaintiff-appellant City of St. Louis appeals from a judgment of the St. Louis Court of Criminal Correction discharging defendant-respondent from sixteen separate alleged ordinance violations for failure to comply with a written order of the building commissioner to repair or demolish a dangerous structure within the City of St. Louis. We affirm the judgment of the St. Louis Court of Criminal Correction.

The actions commenced in the St. Louis City Court and after the defendant was found guilty in the City Court, he appealed to the St. Louis Court of Criminal Correction for trial de novo.

The charges against defendant were for violations of St. Louis City Ordinance Nos. 55681 and 55682, which make it unlawful for any person to fail to repair or demolish a building or structure found by the building commissioner to be unsafe in certain respects. Under the ordinances, possible penalties for their violation are a fine of not more than $500 or by imprisonment for not more than ninety days or by both such fine and imprisonment with each continuing day a separate violation. "Person", as defined by Section 4.090 of the St. Louis Municipal Code relating to corporations applies to the officers, agents, or members of the corporation who are responsible for the violations. The evidence at the trial before the Court of Criminal Correction established that the structure involved was an untenanted building owned by Del Monte–Arcade Realty Company, a corporation, at 601–647 Del Monte Way in the City of St. Louis. The building was inspected by representatives of the office of the St. Louis Building Commissioner and found to be in a defective and dangerous condition within the meaning of and in violation of Ordinance 55681. There was no dispute of facts as to the condition of the building. The controversy in this case centers on whether the defendant, Wilford J. Boos, was an officer of Del Monte–Arcade Realty Company responsible for the structure being in violation of the Building Code. The testimony was that the defendant's father was an incorporator in 1948 and initial director and shareholder of the Del Monte–Arcade Realty Company. He apparently continued in some association with the company until his death in 1961. The City introduced exhibits from the Secretary of State's Office in the form of anti-trust affidavits for the years 1966 through 1971 showing Wilford J. Boos, Jr., of 537 Cyril Drive, as an officer of the company, and W. J. Boos, at 625 Del Monte Way, as registered agent. None of the anti-trust affidavits was signed by the

defendant. Defendant's testimony was that he had no knowledge that he was an officer of the corporation; that he had never participated in any of its meetings; he did not perform any functions for the corporation; he did not own any stock in the company; he did not live at 537 Cyril Drive; that he had absolutely no knowledge of the officers or directors of the corporation; that he did not receive any compensation from the corporation; that he did not authorize anyone to perform functions on his behalf with the corporation; that he had not received any notices or correspondence with regard to the corporation as registered agent or otherwise; that he had nothing to do with the maintenance, operation or repair of the structure at 601–647 Del Monte Way. He abjured association or connection with the corporation. City's witnesses acknowledged that they had never seen defendant in or about the structure. The City contends that by the weight of the credible evidence, the defendant's guilt was established beyond a reasonable doubt.[1] We disagree.

■ It is manifest that in our review of a court tried case, the judgment of the trial court is not to be set aside unless clearly erroneous, giving due regard to the opportunity of the court to judge the credibility of the witnesses, and inferences most favorable to the prevailing party will be drawn. Rule 73.01(d) V.A.M.R.; Carroll v. Hahn, 498 S.W.2d 602 (Mo.App.1973); Doyle v. Doyle, 497 S.W.2d 846 (Mo.App. 1973); Polette v. Williams, 496 S.W.2d 340 (Mo.App.1973). Since this case concerns alleged city ordinance violations, it is incumbent upon the City to prove defendant's guilt beyond a reasonable doubt. As stated in Kansas City v. Bradley, 420 S. W.2d 68 at 71 (Mo.App.1967), an ordinance violation case:

"* * * The matter of credibility is for the trier of fact and unless and until the trier of fact is convinced of defendant's guilt beyond a reasonable doubt, the plaintiff (City) is not entitled to a verdict of guilty."

In this case we are not convinced from the evidence that the trial court was clearly erroneous in discharging the defendant. The evidence was not such to establish beyond a reasonable doubt that defendant was an officer, agent or member of Del Monte–Arcade Realty Company responsible for the violations within the meaning of the building code, particularly Section 4.090. He cannot, therefore, be held liable under the provisions of the Building Code for violations of the Del Monte–Arcade Realty Company, for there was no showing defendant had knowledge of or participated in any of the corporate wrongdoings. Wolfersberger v. Miller, 327 Mo. 1150, 39 S.W.2d 758 (1931); City of St. Louis v. Consolidated Products Co., 185 S.W.2d 344 (Mo.App.1945).

■■ The City raises two collateral issues, neither of which is meritorious. Defendant was served with a subpoena duces tecum to produce books and records of Del Monte–Arcade Realty Company. Defendant testified that he had no knowledge or control of the records and could not produce them. The City thereupon moved the

---

1. Defendant defends: that since imprisonment can be invoked as a penalty, the case should be treated as a criminal case with right of appeal only in defendant because of double jeopardy and, further, that the appeal was not timely. Our ruling eschews the necessity for answer to defendant's contentions in this case. But see City of Kansas City v. Bott, No. KCD 26397 (Mo.App., Filed Sept. 13, 1973), in which once again the issue of whether a municipality may appeal a decision adverse to it where imprisonment for municipal ordinance violation may be imposed is met head on. The Bott case has been transferred to the Missouri Supreme Court. See Kansas City v. Plumb, 419 S.W. 2d 457 (Mo.App.1967); City of St. Louis v. Mikes, 372 S.W.2d 508 (Mo.App.1963); City of Clayton v. Nemours, 237 Mo.App. 167, 164 S.W.2d 935 (1942).

trial court to order defendant to produce the records or in the alternative cite him for contempt of court. The court overruled the motions, and the City thereby claims error. It is within the trial court's discretion to determine the validity of excuse for inability to produce documents sought under a subpoena duces tecum. State v. McQueen, 296 S.W.2d 85 (Mo. banc 1956); Shull v. Boyd, 251 Mo. 452, 158 S.W. 313 (1913). We find no abuse of that discretion here.

▇▇▇ City contends that the trial court erred in overruling its petition for change of judge filed under Rules 30.12 and 30.15 V.A.M.R. City argues that the trial judge knew defendant's father who died in 1961—although there was never any suggestion that the judge knew defendant; that as a result the judge was biased. City filed its petition during the course of trial, and Rule 30.12, relating to criminal cases, specifically provides that affidavit for disqualification be filed not less than five days prior to the date the case is set for trial. This was not done and the judge did not err in failing to disqualify himself. State v. Light, 484 S.W.2d 275 (Mo.1972). And where the disclosure of possible bias arises at trial making the required notice impossible, there should be some evidence by the party alleging bias that prejudice on the part of the trial judge does in fact exist. The mere fact the trial judge had knowledge of defendant's father, who had died eleven years before trial, without more, hardly establishes predilection on the part of the judge to warrant his disqualification. See State v. Holt, 465 S.W.2d 602 (Mo.1971); State v. McDaris, 463 S.W.2d 813 (Mo.1971).

The judgment is affirmed.

CLEMENS, Acting P. J., and McMILLIAN, J., concur.