**CITY OF ST. LOUIS, Plaintiff-Respondent,**

v.

**Harriett Marie LONDOFF, Defendant-Appellant.**

**No. 35,461.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 7, 1975.

Harriett Marie Londoff, pro se.

Jack Koehr, City Counselor, Raymond J. Issa, William Kornfein, Asst. City Counselors, St. Louis, for plaintiff-respondent.

PER CURIAM.

In this court tried case defendant, Harriett Marie Londoff, President, Londoff

Bowling Lanes, Inc., was found guilty of violating § 2126.1 of Ordinance No. 55681 of the City of St. Louis. This ordinance makes it unlawful for the owner of a premises to fail to properly repair or demolish buildings or structures found by the building commissioner to be unsafe. Under the provisions of § 2126.7 of Ordinance No. 55682 of the City of St. Louis, defendant was fined $500.00 and costs. From this judgment defendant appeals.

The owner of record of the property in question, 1512 Obear, is the Londoff Bowling Lanes, a corporation. On June 26, 1972, notice was served upon defendant, as president of the corporation, by the Building Commissioner of the City of St. Louis, informing her of the ordinance violation. In accordance with the provisions of the ordinance the defendant appealed to the Board of Building Appeals of the City of St. Louis. The Board made findings to the effect that the building in question was in such a condition as to render it defective within the meaning of § 2126 of the Building Code and ordered the defendant to make necessary repairs or to remove the building within 7 days of the date of the order.

Upon failure to comply with this order of the Board of Building Appeals, Mrs. Londoff, as president of the corporation, was properly charged with violation of Ordinance Nos. 55681 and 55682 in the City Court of St. Louis. City of St. Louis v. Boos, 503 S.W.2d 133 (Mo.App.1973). From an adverse finding defendant appealed to the St. Louis Court of Criminal Corrections, from thence it is here.

Defendant maintains that the City failed to prove that 1512 Obear was the correct address of the property. It is defendant's position that the building in question is a storage house which fronts on two parallel streets, East Obear and East Grand. She asserts that the correct number of the building is 1511 East Grand. Also, because it was a storage house, she contends that the Ordinance did not apply.

We view defendant's contentions as attacking the sufficiency of the evidence. This court in examining the sufficiency of the evidence must construe the evidence most strongly in favor of the result reached below, and the facts and inferences are to be considered in the light most favorable to the City and all inferences and evidence to the contrary are to be disregarded. We will not disturb the trial court's judgment unless it is clearly erroneous. City of Kansas City v. Scanland, 506 S.W.2d 18 (Mo.App.1974).

A city building inspector, who had visited the building at 1512 Obear, found that the windows and doors were deteriorating; portions of the floor were missing on the second and third floors; all the exterior walls and foundations were in need of tuckpointing; guttering and downspouts were deteriorating or missing; wood beams were deteriorating or collapsing; the areas under the concrete deck on the north side were open and an invitation to rats; the wall on the first floor level, on the north side, was collapsing; and the premises was littered with inflammable debris. Pictures of the building introduced into evidence, without objection, confirm the accuracy of this description.

At trial the defendant stipulated that the Londoff Bowling Lanes, Inc. was the owner of record of the property at 1512 Obear and that Mrs. Londoff was the president of the corporation. This admission made in open court and preserved in the record is binding upon the defendant and has the same effect as a written signed stipulation. Fair Mercantile Co. v. Union-May-Stern Co., 359 Mo. 385, 221 S.W.2d 751 [10] (1949).

Two City of St. Louis employees were subpoenaed by Mrs. Londoff. The first, a housing rehabilitation administrator for the building division, stated that the number 1512 Obear was derived from the house numbering section in the building division. He described the building as zoned "B" two-family residential; that no one was living in the building; that it was uninhabitable; and that it could not be construed as an accessory structure to another habitable building. The second, a clerk in the Department of Safety, Building Division, testified that 1512 Obear and 1511 East Grand were not one and the same. Upon this record the trial court could find beyond a reasonable doubt that defendant was guilty as charged. The finding was not clearly erroneous. City of St. Louis v. Boos, 503 S.W.2d 133, at 135.

Other matters sought to be raised by the defendant were not preserved for review because they were not raised in the trial nor presented to the trial court in a motion for a new trial. We, therefore, do not rule upon these contentions. Hawkins v. Hawkins, 462 S.W.2d 818 (Mo.App.1970).

Judgment affirmed.

All the Judges concur.