Kent JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 78800.

Supreme Court of Missouri,
En Banc.

June 25, 1996.

Rehearing Denied Aug. 20, 1996.

Sharlie Pender, Independence, for appellant.

Michael S. Oliver, St. Joseph, for respondent. ·

BENTON, Judge.

At the request of the prosecuting attorney, the Buchanan County circuit court issued and enforced an investigative subpoena under § 56.085 RSMo 1994.[1] Kent Johnson appeals, attacking the subpoena's execution and constitutionality. Because the validity of a statute is involved, the court of appeals transferred the case to this Court. *Mo. Const. Art. V,* § 3. Affirmed.

## I.

On March 7, 1995, the Buchanan County prosecuting attorney requested a subpoena duces tecum under § 56.085 as part of a criminal investigation. The circuit judge issued the subpoena, directing "Christie's, 3115 N. Belt, St. Joseph, MO" to produce certain documents. The sheriff served the subpoena on Kent Johnson, identified on the return as the "manager being at the time of service in and in charge of the business office of said company."

Before the date of production, Johnson moved to quash the subpoena, attacking the service and the constitutionality of § 56.085. The circuit court overruled the motion to quash but did not rule on the constitutional challenge. The court also extended the time to comply with the subpoena.

Johnson failed to comply. The State moved for an order to show cause why Johnson should not be held in contempt. The court issued the order, commanding Johnson to appear and explain why he had not produced the documents. At the hearing, Johnson testified that he was employed by St.

Joseph Gifts, L.L.C., doing business as "Christie's," and that he was not a director, officer, registered agent, custodian of records, or authorized to accept service on behalf of the corporation. Johnson admitted receiving the subpoena but gave no reason for noncompliance.

The circuit court found Johnson in contempt but stayed commitment for 16 days to permit him to produce the first five types of documents subpoenaed. After Johnson again failed to comply, he was incarcerated, posted bond, and appealed. *See Teefey v. Teefey,* 533 S.W.2d 563, 565–66 (Mo. banc 1976).

## II.

According to Johnson, the circuit court erred in refusing to quash the subpoena duces tecum on three procedural grounds. First, Johnson claims defective process because the subpoena lacked the legal title of the business. True, the subpoena was issued to "Christie's," not to St. Joseph's Gifts, L.L.C. However, "the mere misnomer of a corporate defendant is immaterial if the corporation was not thereby misled and if there was no substantial mistake indicating an intention on the part of plaintiff to sue a different entity." *Orona v. Consolidated Cab Company,* 373 S.W.2d 486, 488 (Mo.App. 1963). *See also Bailey v. Innovative Management and Investment,* 890 S.W.2d 648, 651–652 (Mo. banc 1994).

Here, the corporation was not misled by any misnomer or mistake in the subpoena. Christie's is a fictitious name registered to St. Joseph's Gifts, L.L.C. Moreover, an attorney appeared for "Christie's" in the trial court.

Second, Johnson argues that he was not authorized to accept service for the corporation. Service on a corporation shall be made on:

> an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof. . . .

1. Unless otherwise indicated, all statutory references are to RSMo 1994.

*Rule 54.13(b)(3); Rule 20.04(c)(2); § 506.150.1(3).*

Johnson was a proper person to receive service for the corporation in two ways. First, the sheriff's return shows Johnson as "manager" of the store. Johnson never asserts, let alone attempts to prove, that he was not the manager at the time of service. He merely argues that a manager cannot accept service for a corporation, citing *Howell v. Autobody Color Co., Inc.*, 710 S.W.2d 902 (Mo.App.1986) and *City of St. Louis v. Boos,* 503 S.W.2d 133 (Mo.App.1973). Both cases are factually distinguishable. There, the corporations proved that the employees served lacked managerial authority to control and produce the requested records. Here, the trial judge specifically found that Johnson had access to the requested records.

■ Second, the sheriff's return shows Johnson as "in charge of the business office" of Christie's. Because Johnson has never asserted that he was not in charge of Christie's business office, he was properly served. *See Kennon v. Citizens Mut. Ins. Co.,* 666 S.W.2d 782, 785 (Mo.App.1983).

■ Finally, Johnson argues that because of these alleged deficiencies, the circuit court lacked jurisdiction over the subpoenaed documents. Johnson did not raise this point in the circuit court, and it is therefore not preserved for review. *In re J__ Y__,* 637 S.W.2d 670, 673 (Mo. banc 1982).

### III.

■ Johnson contends that § 56.085 is unconstitutional as an unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments of the United States Constitution, and Article I, § 15 of the Missouri Constitution.

The Fourth Amendment provides:
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Article I, § 15 of the Missouri Constitution states:
That the people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures; and no warrant to search any place, or seize any person or thing, shall issue without describing the place to be searched, or the person or thing to be seized, as nearly as may be; nor without probable cause, supported by written oath or affirmation.

Johnson asserts that the subpoena duces tecum, like a search warrant, must be issued by a neutral and detached magistrate after a sworn showing of probable cause.

"[T]he search and seizure clause of the 4th Amendment was not intended to interfere with the power of courts to compel, through a *subpoena duces tecum,* the production, upon a trial in court, of documentary evidence." *Hale v. Henkel,* 201 U.S. 43, 73, 26 S.Ct. 370, 378, 50 L.Ed. 652 (1906); *State ex inf. Hadley v. Standard Oil Co.,* 116 S.W. 902, 1017 (Mo.1909). In regard to pretrial subpoenas duces tecum, the Fourth Amendment, "if applicable, at the most guards against abuse only by way of too much indefiniteness or breadth in the things required to be 'particularly described,'.... The gist of the protection is in the requirement ... that the disclosure sought shall not be unreasonable." *Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186, 208, 66 S.Ct. 494, 505, 90 L.Ed. 614 (1946). *See also State ex rel. Burke v. Scott,* 364 Mo. 420, 262 S.W.2d 614, 619 (1953). The United States Supreme Court has specifically required only that "the subpoena be sufficiently limited in scope, relevant in purpose, and specific in directive so that compliance will not be unreasonably burdensome." *See v. City of Seattle,* 387 U.S. 541, 544, 87 S.Ct. 1737, 1739, 18 L.Ed.2d 943 (1967); *Donovan v. Lone Steer, Inc.,* 464 U.S. 408, 415, 104 S.Ct. 769, 773, 78 L.Ed.2d 567 (1984). Although the Fourth Amendment applies to subpoenas duces tecum to this extent, it does not mandate the same restrictions as imposed on search warrants. *See Pollard v. Roberts,* 283 F.Supp. 248, 255 (E.D.Ark.), *aff'd,* 393 U.S. 14, 89 S.Ct. 47, 21 L.Ed.2d 14 (1968); *In re Criminal Investigation,* 754 P.2d 633, 642 (Utah 1988); *State v.*

*Kelley,* 353 N.W.2d 845, 847 (Iowa 1984); *cf. People v. Wilson,* 164 Ill.2d 436, 207 Ill.Dec. 417, 428, 647 N.E.2d 910, 921 (1994); *State v. Baldwin,* 242 Mont. 176, 789 P.2d 1215, 1219 (1990); *State ex rel. Cranford v. Bishop,* 230 Kan. 799, 640 P.2d 1271, 1272 (1982).

### A.

■ Johnson first challenges the facial constitutionality of § 56.085, which provides:

In the course of a criminal investigation, the prosecuting or circuit attorney may request the circuit judge to issue a subpoena to any witness who may have information for the purpose of oral examination under oath to require the production of books, papers, records, or other material of any evidentiary nature at the office of the prosecuting or circuit attorney requesting the subpoena.

"In order to mount a facial challenge to a statute, the challenger must establish 'that no set of circumstances exists under which the Act would be valid.' It is not enough to show that under some conceivable circumstances the statute might operate unconstitutionally." *Artman v. State Bd. of Registration,* 918 S.W.2d 247, 251 (Mo. banc 1996) (*citing United States v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987)).

Aside from asserting that § 56.085 is facially unconstitutional, Johnson fails to show that the statute could not be valid in any set of circumstances. Instead, Johnson focuses on the fact that § 56.085 allows prosecutors to request a subpoena duces tecum, rather than impaneling a grand jury to do so.

Under § 56.085, the prosecutor stands in essentially the same position as the grand jury and is governed by similar limitations. *See Oklahoma Press Publishing Co.,* 327 U.S. at 216, 66 S.Ct. at 509. In order to request a subpoena under § 56.085, a prosecutor must be "in the course of a criminal investigation." A circuit judge must then review the subpoena before it issues. Additionally, a subpoena may be challenged (as Johnson did) with a motion to quash, where the court may void or modify the subpoena "if compliance would be unreasonable or op-

pressive." *Rule 26.02(c).* Section 56.085 is not unconstitutional on its face.

### B.

■ Johnson next argues that § 56.085 is unconstitutional as applied. First, again confusing an investigative subpoena with a search warrant, Johnson contends that the Buchanan County prosecutor lacked probable cause to request the subpoena, and the circuit judge was neither neutral nor detached and merely "rubber stamped" it.

Johnson introduced no evidence that the circuit judge in this case rubber stamped the subpoena. Moreover, as indicated above, subpoenas duces tecum are not subject to the same Fourth Amendment requirements as search warrants. *See Oklahoma Press Publishing Co.,* 327 U.S. at 215–216, 66 S.Ct. at 508–509.

■ Finally, Johnson asserts that the subpoena is unconstitutionally broad, alleging it asks for "any and all" documents about Christie's. True, a request for "any and all" documents may be unconstitutionally broad. *See Hale,* 201 U.S. at 76–77, 26 S.Ct. at 379–380; *Ex parte Brown,* 72 Mo. 83, 94 (1880). However, in this case, the prosecutor requested eight specific types of documents. When enforcing the subpoena by contempt, the circuit judge narrowed the request to five types—those to which Johnson had access. The documents requested were limited in scope, relevant, and specific. As a result, the subpoena was not unconstitutionally broad.

### IV.

The judgment of the circuit court is affirmed.

All concur.