Hal DEANE, Plaintiff–Appellant

v.

S.F. PIZZA, INC., Defendant–
Respondent.

No. 28005.

Missouri Court of Appeals,
Southern District,
Division One.

June 12, 2007.

Motion for Rehearing or Transfer to
Supreme Court Denied June 29, 2007.

Application for Transfer Denied
Aug. 21, 2007.

John C. Banning, Springfield, for Appellant.

J. Michael Waller, Law Offices of Robert J. Hayes, St. Louis, for Respondent.

JOHN E. PARRISH, Judge.

Hal Deane (plaintiff) appeals a judgment dismissing the lawsuit he filed against S.F. Pizza, Inc. (defendant). The trial court granted defendant's motion to dismiss the suit. The action that was dismissed was set forth in a two-count petition. Count I was an action for negligence; Count II an action for breach of implied warranty of fitness. The trial court concluded that plaintiff's action was barred by the statute of limitations. This court reverses and remands for further proceedings.

■ "In reviewing an order sustaining a motion to dismiss, all facts alleged in the petition are deemed true and plaintiff is given the benefit of every reasonable intendment." *Dent Phelps R–III School Dist. v. Hartford Fire Ins. Co.,* 870 S.W.2d 915, 917 (Mo.App.1994). Plaintiff's petition was filed June 23, 2005, in the Circuit Court of Phelps County. The petition alleged, as applicable to the granting of the motion to dismiss:

6. That on or about December 31, 1998 Plaintiff Hal Deane was on the premises of defendant's restaurant as a customer for value, for the purpose of purchasing and consuming food and beverage, and that while sitting on one of the chairs provided by defendant for the use of customers, including Plaintiff Hal Deane, said chair did suddenly, and without warning, break and collapse, and that Plaintiff Hal Deane was thereby thrown to the floor and caused to sustain painful, serious and permanent injury and damage as herein below set forth.

. . .

13. That a lawsuit was previously filed against Defendant S.F. Pizza, Inc.,

by Plaintiff Hal Deane arising out of the incident and injuries referred to being Cause No. CV302–1432CC and which was filed on October 22, 2002 in the Circuit Court of Phelps County, Missouri. That this defendant, in that lawsuit, was incorrectly named as "Imo's Pizza" and service was never obtained on Defendant S.F. Pizza, Inc., either under its correct or incorrect name; that said lawsuit was dismissed, without prejudice, on June 26, 2004 and that, therefore, this lawsuit is timely filed in that same is filed within one year of said dismissal ant therefore the statute of limitations as to plaintiff's claim has not expired.

Defendant's motion to dismiss alleges "that suit was not filed within the statutory period." The motion contends that the petition does not allege that the prior suit was brought against the named defendant in this case, S.F. Pizza, Inc., within five years of December 31, 1998, the date of the alleged accident, as required by § 516.120.[1] The motion asserts that although § 516.230 provides that when actions commenced within the time prescribed in §§ 516.010–516.370 thereafter suffer nonsuit, a plaintiff may commence a new action within one year after the nonsuit; that this "only applies when the cause of action on the second suit is the same cause of action alleged in the first suit and the parties defendant in the second suit are the same as the parties defendant in the first suit." Defendant contends the defendant in this suit is not the same defendant as in the first suit in that the named defendant in the prior suit was "Imo's Pizza."

Judgment was entered declaring:

---

1. References to statutes are to RSMo 2000. The statutes that are cited are unchanged from the 1994 revision.

NOW, on this *21st* day of *August,* 2006, the court considers Defendant's Motion to Dismiss and the arguments made by each party, and, being fully advised, decides to sustain and grant said motion on the grounds that the Statute of Limitations has expired,

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Dismiss be, and hereby is, sustained and Judgment be, and hereby is, entered in favor of Defendant; and, costs adjudged against Plaintiff.

Plaintiff asserts by this appeal that "[t]he trial court erred in granting the Motion to Dismiss due to the Statute of Limitations because [plaintiff] timely filed both suits under the combined provisions of Sections 516.120 and 516.230. RSMO., and the difference in names was merely a misnomer of a corporate defendant in that Plaintiff always intended to sue the owner of the Rolla, Missouri, pizza restaurant and the misnomer could not have misled S.F. Pizza, Inc., as to whom [plaintiff] intended to sue."

Section 516.120 identifies types of actions that must be brought within five years. It includes:

(4) An action for taking, detaining or injuring any goods or chattels ... *or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated* [.] [Emphasis added.]

■ Section 516.230 provides, as applicable here:

If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, ... such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered. ...

"Dismissal without prejudice is a species of 'nonsuit.'" *In re Estate of Klaas,* 8 S.W.3d 906, 909 (Mo.App.2000).

■ Defendant argued to the trial court, and argues here, that because plaintiff's initial suit named Imo's Pizza as defendant and the latter suit named S.F. Pizza, Inc., as defendant, § 516.370 does not apply; that the second suit is not a refiling of the original suit, but a new suit brought against a different defendant. Plaintiff's response is that the parties were the same in both suits; that the designation of Imo's Pizza as defendant in the first suit was a misnomer; that the named defendant was intended to be and was the owner of the restaurant operated as "Imo's Pizza" where plaintiff was seated when the chair in which he sat broke and caused him to fall to the floor.

The general rule is that, in actions at law and other judicial proceedings, the mere misnomer of a corporate defendant in words and syllables is immaterial, that is, provided there is no substantial mistake so as to indicate a different entity; ....

*Blades v. Cinder Block Co. of St. Louis,* 10 S.W.2d 319, 320 (Mo.App.1928).

■ As the Eastern District of this court explained in *P & K Heating & Air Conditioning, Inc. v. Tusten Townhomes,* 877 S.W.2d 121, 125 (Mo.App.1994), *quoting Orona v. Consolidated Cab Co.,* 373 S.W.2d 486, 488 (Mo.App.1963) (which quotes *Parry v. Woodson,* 33 Mo. 347, 348 (1863)):

"A name is a means of identity; but the change of the name or the application of a wrong name does not change the thing identified. It is not the name that is sued, but the person to whom it is applied."

"A misnomer does not destroy the effectiveness of a petition." *P & K Heating,*

*supra,* at 126. The correction of a misnomer relates back to the filing date of the original petition. *Id.* The fact that an incorrect name is used is immaterial if the corporate defendant is not misled by the name designation and there is no intention on the part of a plaintiff to sue a different entity. *Johnson v. State,* 925 S.W.2d 834, 835 (Mo.banc 1996).

■ This court perceives no difference between the situation in this case in which nonsuit was taken and the case was refiled within the one-year savings period, and a case in which a petition is amended to correct a corporate defendant's name as part of the originally filed suit. The original case that resulted in nonsuit identified the defendant by the trade name under which it operated the business where plaintiff claims he sustained injury. The petition in the present case does not reveal a basis for concluding any intention by plaintiff to sue any party other than this defendant, nor does it reveal a basis for concluding defendant could have been misled by the name by which defendant was designated in the original suit. The name used for defendant in the original suit was, therefore, a misnomer. The correction of the misnomer in the petition filed within one year following the nonsuit in the first suit relates back to the filing of the original lawsuit. Plaintiff's point is granted. The judgment dismissing plaintiff's petition is reversed. The case is remanded.

RAHMEYER, P.J., and SCOTT, J., concur.