(773 P.2d 1169)
No. 62,572

RICKEY WHITE, *Appellee,* v. WHITNEY L. VINZANT, M.D. and ST. JOSEPH MEDICAL CENTER, INC., *Appellants.*

—

Opinion filed May 5, 1989.

*Lawrence M. Gurney*, of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, for appellant Whitney L. VinZant, M.D.

*Matthew C. Hesse* and *Robert L. Heath*, of Blaes and Heath, of Wichita, for appellant St. Joseph Medical Center, Inc.

*Daniel J. Sevart*, of Sevart & Sevart, of Wichita, for appellee.

Before RULON, P.J., DAVIS, J., and RICHARD W. WAHL, District Judge, assigned.

RULON, J.: Whitney VinZant, M.D., and St. Joseph Medical Center, Inc., (St. Joseph) defendants, appeal from the district court's denial of their motions to dismiss or, alternatively, for summary judgment in this medical malpractice action.

The sole issue before us is whether the applicable statute of limitations was tolled when plaintiff, Rickey White, filed his request for a medical malpractice screening panel. We conclude plaintiff's action is not time barred and affirm the judgment of the district court.

PROCEDURAL HISTORY

On January 16, 1985, Whitney VinZant, M.D., performed surgery upon plaintiff at St. Joseph in Wichita. On January 12, 1987, plaintiff filed a request to appoint a medical malpractice screening panel pursuant to Supreme Court Rule 142 (1988 Kan. Ct. R. Annot. 94) and K.S.A. 65-4901 *et seq.* On January 21, 1987, the district court ordered that a screening panel be convened and designated the non-voting chairperson of the panel.

Thereafter, neither plaintiff nor defendants designated a health care provider to the screening panel pursuant to K.S.A. 65-4901. None of the parties filed medical records or supporting evidence pursuant to Rule 142(d). Apparently, counsel for the parties met on March 6, 1987, but nothing in the record indicates what was discussed or decided at that meeting. St. Joseph claims a schedule was adopted at the meeting and plaintiff agreed to submit his contentions by June 1, 1987.

On July 1, 1987, VinZant filed a motion to dismiss the screening panel proceedings because plaintiff had failed to submit his contentions by June 1, 1987. The district court heard the motion on July 30, 1987. The motion minutes docket sheet, filed with the clerk of the district court on July 31, 1987, reveals the court granted VinZant's motion on July 30, 1987, and ordered counsel for VinZant to prepare a journal entry reflecting the court's action.

On August 5, 1987, counsel for VinZant mailed a suggested

order of dismissal to counsel for plaintiff and for St. Joseph. The letter accompanying the suggested order stated that the original of the order was sent to plaintiff's counsel and that, upon approval, counsel was to send the original to counsel for St. Joseph for approval. Both defendants claim that counsel for plaintiff neither signed nor forwarded the original order to counsel for St. Joseph, and, thus, the order was never filed in district court.

On January 22, 1988, after obtaining new counsel, plaintiff filed a motion to set aside the court's July 30, 1987, dismissal of the screening panel proceedings. Plaintiff further requested a new timetable for the screening panel proceedings. On January 28, 1988, the district court denied plaintiff's motion.

On February 1, 1988, plaintiff filed his petition in the present medical malpractice case. On February 22, 1988, an order dismissing the medical malpractice screening panel proceedings was filed in district court. Subsequently, defendants filed separate motions to dismiss and, alternatively, for summary judgment, contending, in part, that the action was barred by the applicable statute of limitations. In a journal entry filed July 5, 1988, the district court overruled both motions, finding that the applicable statute of limitations was tolled by the filing of plaintiff's request for a screening panel and remained tolled until plaintiff filed his petition on February 1, 1988. The district court further found, pursuant to K.S.A. 1988 Supp. 60-2102(b), that its order involved controlling questions of law as to which there was substantial ground for difference of opinion and that an immediate appeal from the order would materially advance the ultimate termination of the litigation.

Subsequently, this court granted defendants' application for permission to file an interlocutory appeal from the district court's order.

STATUTE OF LIMITATIONS WAS TOLLED

This appeal presents an issue concerning the district court's conclusions of law; therefore, our review of such conclusions is unlimited. *Utility Trailers of Wichita, Inc. v. Citizens Nat'l Bank & Tr. Co.*, 11 Kan. App. 2d 421, 423, 726 P.2d 282 (1986).

Generally, a medical malpractice action must be brought within the two-year statute of limitations under K.S.A. 1988 Supp. 60-513(a)(7) and (c). None of the parties disputes that plaintiff timely filed his request for a screening panel within this two-year limitation period.

At issue in this case is the operation of the tolling provision for claims before a medical malpractice screening panel. K.S.A. 65-4908 provides:

"In those cases before a screening panel which have not been formalized by filing a petition in a court of law, the filing of a memorandum requesting the convening of a screening panel shall toll any applicable statute of limitations and such statute of limitations shall remain tolled until thirty (30) days after the screening panel has issued its written recommendations."

Defendants assert that plaintiff's medical malpractice action is barred by the two-year statute of limitations found in K.S.A. 1988 Supp. 60-513(a)(7) and (c). They essentially contend that, by filing a request for a screening panel, plaintiff did not indefinitely toll the general two-year limitation period. Reading together K.S.A. 1988 Supp. 65-4904(a) and K.S.A. 65-4908, defendants submit that screening panel proceedings can toll the applicable statute of limitations for a maximum of 120 days. K.S.A. 1988 Supp. 65-4904(a) provides that the screening panel shall make written recommendations within 90 days of its commencement. Defendants view this language as mandatory and, thus, they argue that the 90-day "limitation" of K.S.A. 1988 Supp. 65-4904(a) must be read in conjunction with the provision of K.S.A. 65-4908, which tolls the statute of limitations until 30 days after the panel issues its recommendations. Combining the 90-day requirement for making recommendations in K.S.A. 1988 Supp. 65-4904(a) with the 30-day tolling provision of K.S.A. 65-4908, defendants maintain that, at most, the legislature intended only a 120-day tolling period to apply to screening panel proceedings. Further, because the panel never issued written recommendations pursuant to K.S.A. 1988 Supp. 65-4904(a), defendants assert that the applicable statute of limitations was tolled for only 90 days and that the extra 30 days provided in K.S.A. 65-4908 were not applicable.

St. Joseph additionally argues that the statute of limitations was not tolled in this case because plaintiff's claim was never "before a screening panel," as required under the tolling provision of K.S.A. 65-4908. St. Joseph contends that, because health care providers were not designated and medical evidence was not submitted to, nor reviewed by, a screening panel, plaintiff's claim was never "before a screening panel." Further, St. Joseph appears to argue that tolling only occurs in those cases where

written recommendations are actually issued by the panel. Thus, St. Joseph submits that the two-year statute of limitations was not tolled by K.S.A. 65-4908 and plaintiff's malpractice action is now time barred.

Plaintiff contends that the plain meaning of K.S.A. 65-4908 is that the filing of a request for a screening panel tolls the statute of limitations until 30 days after the panel issues its recommendations, or until the tolling provision is rendered moot by the filing of a petition in district court. Thus, he maintains that by filing his request for a panel on January 12, 1987, the general statute of limitations was tolled until such tolling was rendered moot by the filing of the present action on February 1, 1988, prior to the February 22, 1988, dismissal of the screening panel proceedings. We agree.

"Interpretation of a statute is a question of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature." *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 455, 691 P.2d 1303 (1984). This court summarized the general rules of statutory construction in *In re Adoption of Baby Girl H*, 12 Kan. App. 2d 223, 229, 739 P.2d 1 (1987):

"A statute is to be interpreted so as to give it the effect intended by the legislature. The purpose and intent of the legislature governs when the intent can be ascertained from the statute. Words in common usage should be given their natural and ordinary meaning in arriving at a proper construction of the statute. When a statute is susceptible of more than one construction, it must be construed to give expression to its intent and purpose, though such construction is not within the strict literal interpretation of the statute. [Citation omitted.] Furthermore, the legislative intention should be determined from a general consideration of the entire act. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. [Citation omitted.]"

Additionally, when the language of a statute is clear and unambiguous, this court must give effect to the expressed legislative intent rather than make a determination as to what the law should or should not be. *In re Appeal of News Publishing Co.*, 12 Kan. App. 2d 328, Syl. ¶ 3, 743 P.2d 559 (1987).

The tolling provision of K.S.A. 65-4908 provides in clear and unambiguous language that the filing of a memorandum requesting the convening of a screening panel stops the running of the applicable statute of limitations. The only express limitation on the duration of the tolling provision is that the statute of

limitations will remain tolled until 30 days after the screening panel issues its written recommendations. K.S.A. 65-4908. Additionally, K.S.A. 65-4908 limits the circumstances in which the tolling provision applies to those cases "before a screening panel which have not been formalized by filing a petition in a court of law." Obviously, *tolling of the statute of limitations would not be* necessary in those cases before a screening panel in which a petition has already been filed in district court.

Defendants are essentially asking this court to read into K.S.A. 65-4908 several limitations on the operation of the tolling provision. First, St. Joseph contends that the legislature intended the phrase "before the screening panel" to mean that health care providers had been designated and either were reviewing or were prepared to review medical evidence submitted by the parties. In other words, St. Joseph asserts that a case is not before a screening panel even if a request for a panel has been filed and the district court has entered an order convening a panel.

St. Joseph's interpretation appears strained in light of the plain and unambiguous language of K.S.A. 65-4908. Following St. Joseph's reasoning, even though the request for a panel which tolls the *statute of limitations* has been filed, the tolling does not actually begin until some later, indefinite date when the case is "before a screening panel." Apparently, St. Joseph believes that "before a screening panel" means, at a minimum, the parties have designated health care providers. However, Rule 142(a)(7) provides: "Commencement of a screening panel occurs on the date when the district judge notifies the parties that a screening panel shall be convened." Considering Rule 142 and giving the words their ordinary meaning, it appears that the phrase "before a screening panel" merely requires that a panel has been convened by order of the court pursuant to a request by one of the parties.

St. Joseph further argues that the applicable statute of limitations is not tolled pursuant to K.S.A. 65-4908 unless the screening panel issues written recommendations. St. Joseph bases its argument on the legislature's use of the word "and" in K.S.A. 65-4908. The statute provides that filing of the appropriate memorandum shall toll the applicable statute of limitations "and such statute of limitations shall remain tolled" until 30 days after the issuance of the panel's written recommendations. K.S.A.

65-4908. Thus, St. Joseph maintains that the applicable statute of limitations is not tolled pursuant to this statute unless a request for a panel has been made, health care providers have been designated, and the panel has issued its written recommendations.

St. Joseph is reading requirements into K.S.A. 65-4908 which do not appear in the plain and unambiguous language of the statute. The reference to the issuance of written recommendations is made to establish the time when the statute of limitations begins to run again. There is nothing in the statute to indicate that the issuance of written recommendations is a prerequisite to tolling the statute of limitations. Further, under St. Joseph's interpretation, the parties would not know if the applicable statute of limitations has been tolled until after health care providers were designated and written recommendations were issued. We do not believe, from our understanding of the language of K.S.A. 65-4908, that the legislature intended such a result.

Finally, defendants contend that, if this court finds the statute of limitations in this case was tolled under K.S.A. 65-4908, the statute was only tolled a maximum of 120 days. Defendants urge this court to read K.S.A. 1988 Supp. 65-4904(a), which provides that the panel shall make written recommendations within 90 days of its commencement, in conjunction with the K.S.A. 65-4908 provision terminating the tolling mechanism 30 days after the issuance of the written recommendations.

Essentially, defendants want to make the 90-day provision of K.S.A. 1988 Supp. 65-4904(a) part of the tolling provision of K.S.A. 65-4908. However, the 90-day provision refers only to the time in which the panel shall make its recommendations. It is not an independent tolling provision, nor is there any indication in either of the statutes that the provisions of K.S.A. 1988 Supp. 65-4904(a) must be read into K.S.A. 65-4908.

Further, we conclude that a screening panel is not prohibited from taking more than 90 days from the date of its commencement to make its written recommendations. K.S.A. 1988 Supp. 65-4904(a) uses the word "shall" in referring to the panel's issuance of recommendations within 90 days. The word "shall" can be directory rather than mandatory when it is (1) not accompanied by negative words indicating the specific acts can be

done in no other manner; or (2) no consequences of noncompliance are included. *Paul v. City of Manhattan*, 212 Kan. 381, 385, 511 P.2d 244 (1973). K.S.A. 1988 Supp. 65-4904(a) contains neither negative words nor the consequences of noncompliance. Thus, the legislature has directed screening panels to issue their recommendations within the 90-day period but has not totally prohibited a panel from issuing its recommendations outside of this time period. Therefore, the 90-day provision of K.S.A. 1988 supp. 65-4904(a) should not be incorporated into the tolling provision of K.S.A. 65-4908.

The only question remaining is what action or occurrence terminates the K.S.A. 65-4908 tolling provision and restarts the running of the applicable statute of limitations. The statute expressly provides that the statute of limitations remains tolled until 30 days after the screening panel has issued its written recommendations. However, the statute is silent as to when the tolling mechanism terminates in cases where the panel never reaches the point of making written recommendations.

The purpose and intent of the legislature in enacting K.S.A. 65-4908 was to toll the applicable statute of limitations from the initiation of proceedings before a screening panel until 30 days after the conclusion of the proceedings. K.S.A. 65-4908 directs that the first filing in a medical malpractice screening panel proceeding will toll the statute of limitations. The statute of limitations does not restart until 30 days after written recommendations are issued, which is the expected means of concluding the proceedings. Following the intent of K.S.A. 65-4908, the applicable statute of limitations should remain tolled until 30 days after the conclusion of the proceedings. In cases such as the present one where written recommendations were never issued, the conclusion of the proceedings is signified by the filing of the district court's order dismissing the proceedings. K.S.A. 60-258. Thus, the statute of limitations will remain tolled for 30 days after the court's dismissal. After that time, the statute of limitations will begin to run again.

In the present case the applicable two-year statute of limitations would have begun to run 30 days after the order of dismissal was filed on February 22, 1988. Plaintiff filed his petition on February 1, 1988, prior to the filing of the dismissal order and the expiration of the tolling period. By filing his request for a

screening panel prior to the expiration of the statute of limitations, plaintiff tolled the statute of limitations and it remained tolled at the time he filed his petition in district court. Thus, plaintiff's medical malpractice action is not time barred.

Affirmed.