No. 68,724

CATHY LAWLESS and TAMMY NELSON, Co-Administrators of the Estate of JACK SADE, Deceased, and CATHY LAWLESS and TAMMY NELSON, Individually as Heirs-at-Law, *Appellants,* v. CEDAR VALE REGIONAL HOSPITAL, *Appellee.*

(850 P.2d 795)

Opinion filed April 16, 1993.

*Timothy A. Short,* of Spigarelli, McLane & Short, of Pittsburg, argued the cause, and *Fred Spigarelli,* of the same firm, was with him on the brief for appellants.

*Richard T. Foster,* of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., of Wichita, argued the cause, and *Alisa M. Arst,* of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: This wrongful death and survival action was brought by the heirs and estate of a deceased, alleging the hos-

pital's negligent operation of its inpatient alcohol treatment unit caused the death of the patient. Plaintiffs requested a medical malpractice screening panel. More than two years after plaintiffs' decedent's death plus 30 days after the panel had filed its report, the plaintiffs filed their petition. The trial court found the action was barred by the statute of limitations. Plaintiffs appealed, claiming that because their designated member of the panel did not participate, the panel's report was void and the statute of limitations remained tolled pursuant to K.S.A. 65-4908.

On January 26, 1988, Jack Sade was a patient in the Alcoholic Treatment Unit of defendant Cedar Vale Regional Hospital (hospital). During his detoxification, Sade developed an alcohol-induced psychosis such that he had to be restrained and heavily medicated. Although restrained and medicated, the hospital staff allowed Sade unsupervised access to a cigarette lighter. Sade accidentally set his clothing afire with the lighter and sustained burns to his body. Sade died the next day as a result of those burns. Lawless and Nelson are the co-administrators of Sade's estate and his sole heirs at law.

On December 11, 1989, within two years of the date of Sade's death and prior to filing an action against the hospital, plaintiffs filed in the district court a request for a medical malpractice screening panel (panel) pursuant to K.S.A. 65-4901 et seq. K.S.A. 65-4901 provides if a claim for damages for personal injury or death on account of alleged medical malpractice of a health care provider has not been formalized by the filing of a petition, any party affected by such claim may request, by filing a memorandum with the district court, that a panel be convened. The filing of a memorandum tolls any applicable statute of limitations and such statute of limitations shall remain tolled until 30 days after the panel has issued its written recommendations. K.S.A. 65-4908. Therefore, the applicable two-year statute of limitations, K.S.A. 1992 Supp. 60-513(a)(7), was tolled until 30 days after the panel issued its written recommendations. Had the statute not been tolled it would have run on January 26, 1990, as to the survival claim and on January 27, 1990, as to the wrongful death claim. See K.S.A. 60-513(c).

When a request is made, the judge of the district court convenes a panel. The membership of the panel consists of three

health care providers—one designated by the person against whom a claim is made, one designated by the claimant, and one selected jointly by the parties. An attorney, who is a non-voting member of the panel and acts as chairperson of the panel, is selected by the district judge. K.S.A. 65-4901. Judge Richard A. Medley appointed Robert L. Eastman, an attorney, as panel chairman. Plaintiffs designated Richard A. Kimmell, M.D., of Baxter Springs as a panel member. The hospital designated Stephen W. McClain, M.D., as a panel member. Due to Dr. McClain's change of employment, he resigned from the panel and the hospital subsequently designated Charles Werhan, M.D., to take his place.

If the parties are unable to jointly select a health care provider within 10 days after receipt of notice that a panel has been convened, the judge of the district court shall select such health care provider. K.S.A. 65-4902. On June 29, 1990, Judge Medley appointed James W. Wilson, M.D., as the third panel member. Although the record does not show that the plaintiffs and the hospital were unable to jointly select a health care provider, the district court's appointment of Dr. Wilson indicates that is the case.

The panel is required to convene as soon as practical with notice in writing to all parties and their counsel. The panel organizes and conducts its meetings in accordance with rules of procedure adopted by the Supreme Court of Kansas. Strict adherence to the rules of procedure and evidence applicable in civil cases is not required. All meetings of the panel are held in camera. K.S.A. 65-4903. On November 5, 1990, plaintiffs filed a memorandum setting out their contentions and arguments for the panel. On January 18, 1991, the hospital filed its reply memorandum.

Within 90 days after the screening panel is commenced, the panel is required to make written recommendations on the issue of whether the health care provider departed from the standard of care in a way which caused the plaintiffs or claimants damage. A concurring or dissenting member of the screening panel may file a written concurring or dissenting opinion. All written opinions are to be supported by corroborating references to published literature and other relevant documents. The screening panel

must notify all parties when its determination is to be handed down and, within seven days of its decision, provide a copy of its opinion and any concurring or dissenting opinion to each party, the attorneys of record, and the district judge. K.S.A. 65-4904.

On September 5, 1991, approximately 20 months after the panel had been requested and 15 months after the third medical member of the panel had been selected, plaintiffs' counsel wrote the panel chairman to inquire when a decision would be issued by the panel. The chairman replied he needed the new address of Dr. Kimmell. He also needed Dr. Kimmell and Dr. Werhan to sign a qualification statement. To be qualified, each panel member is required to file a statement that the member has no knowledge of material facts of the case, or relationship or contact with any of the parties, that might affect the member's impartial consideration of the case. The member agrees he or she will not discuss the facts of the case outside the regular meetings of the panel and will report immediately to the chairperson any attempts by anyone to discuss the facts of the case with the member. Supreme Court Rule 142(d)(2) (1992 Kan. Ct. R. Annot. 126).

Plaintiffs mailed the form supplied by the chairman to Dr. Kimmell for the doctor to sign and return to the chairman. Although the panel chairman did not receive a signed statement from Dr. Kimmell, who had again moved, the chairman failed to inform plaintiffs' attorney. Dr. James W. Wilson and Dr. Charles Werhan each signed a "Statement of Panel Member" as required.

Because the panel had not made a decision within the statutory 90-day period, on September 20, 1991, the clerk of the district court notified counsel for the parties that the panel proceedings would be dismissed by the district court on October 4, 1991, unless good cause was shown for its continuance. Plaintiffs and the hospital both filed responses asking that the panel proceedings not be dismissed. On October 4, 1991, Judge Medley notified the panel chairman and counsel for the parties by letter that the matter would not be dismissed but also wrote that "it must be completed by December 31, 1991."

On December 30, 1991, the chairman held the meeting of the panel by telephone conference call with Dr. Werhan and Dr. Wilson. The panel met to decide, after consideration of medical

records and medical care facility records, contentions of the parties, examination of x-rays, test results, and treatises, whether there was a departure from the standard practice of the health care provider specialty involved and whether a causal relationship existed between the damages suffered by the claimant and any such departure. K.S.A. 65-4903.

The panel's report first stated that Richard A. Kimmell, M.D., who was designated by claimants, did not file his Statement of Panel Member, which precluded his participation in the screening panel. The panel report then noted it knew of no written standard practices in the industry for control of smoking materials, although it believed that treatment units for alcoholism take smoking materials when a patient is admitted. The panel stated that the smoking materials are held at the nursing station until the patient wants to smoke, at which time the patient contacts the nurse for smoking materials and matches or lighters. The panel found that the hospital required that all of the smoking materials were to be kept at the nursing station. The panel concluded that the patient failed to disclose that he had not surrendered all of his smoking materials to the hospital. A copy of the report was mailed to claimant's attorney December 30, 1991. The screening panel's report was filed on December 31, 1991.

The panel had convened without notifying the parties as required and with only two medical members participating. Instead of requesting the district court to set aside the screening panel's written findings or to correct any irregularity by the panel, on April 16, 1992, plaintiffs filed the present action against the hospital. On June 12, 1992, the hospital filed a motion to dismiss the action against it, claiming that the plaintiffs' action was barred by the two-year limitations of K.S.A. 1992 Supp. 60-513(a)(7).

At the hearing on the hospital's motion to dismiss, the plaintiffs claimed that the panel's written findings and recommendations were not valid because all three members of the panel did not participate; therefore, the proceedings were void and the statute of limitations continued to be tolled. The district judge found that the two-year statute of limitations commenced to run when the cause of action occurred on January 26, 1988, or on January 27, 1988, when Jack Sade died. Plaintiffs' request for a medical malpractice screening panel was filed on December 8, 1989, 50

days before the two-year statute of limitations of 60-513 would have expired. Under K.S.A. 65-4908; the statute of limitations was tolled until 30 days after the screening panel issued its written findings and decision on December 30, 1991. The panel's written findings and decision were mailed to the attorneys for the parties on that date and were filed of record in the district court on December 31, 1991. The statute of limitations was tolled until January 29, 1992. The plaintiffs were required to file this cause of action within 50 days of January 29, 1992, i.e., March 19, 1992. This cause of action was filed on April 16, 1992.

In reaching his decision, the district judge pointed out that the panel's findings are nonbinding. The judge determined that although only two of the health care provider panel members participated, the panel's decision was valid and the statute of limitations began to run 30 days after the panel's decision was issued. The district judge determined that the plaintiffs had 30 days to object to the panel's decision or the procedure after the decision was rendered. The judge found that because the plaintiffs had failed to object within the 30-day period, the statute of limitations barred plaintiffs' action and granted the hospital's motion to dismiss plaintiffs' action.

Plaintiffs appeal, claiming that screening panel proceedings are not concluded until (1) the panel issues a valid written recommendation, K.S.A. 65-4908, or (2) the district court dismisses the proceedings. Plaintiffs assert that deliberations without the participation of all panel members are not contemplated under the statutes or the rules governing screening panels. Plaintiffs argue that the statutory scheme is designed to be a balance of members selected by each party and one neutral member; therefore, it was fundamentally unfair for a panel to proceed without all members participating. Plaintiffs claim that the panel's action is void and because the district court failed to dismiss the proceedings, the proceedings were not concluded and the statute of limitations had not commenced to run 30 days after the issuance of the panel's written recommendations; therefore, the plaintiffs' petition was timely filed. As authority, plaintiffs cite *White v. VinZant*, 13 Kan. App. 2d 467, Syl. ¶ 8, 773 P.2d 1169 (1989).

The hospital notes that the plaintiffs did not object to the district judge regarding the panel recommendations or the fact

that only two panel members qualified to participate. The hospital observes that the screening panel procedure is voluntary and the panel is merely a factfinding group whose decisions are advisory and nonbinding. The hospital points out that a panel member does not represent a party because the member agrees to consider the facts fairly and impartially. It asserts that a medical malpractice screening panel is not an administrative proceeding or quasi-judicial proceeding where the rights of parties are determined; therefore, the proceedings are proper even if a panel member fails to qualify. The hospital notes even if all panel members had unanimously found that it had not departed from the standard of care, such finding would not have precluded plaintiffs from filing the lawsuit. The hospital concludes if the plaintiffs believed the panel acted improperly, the plaintiffs should have objected to the district judge, who had jurisdiction to act until 30 days after the panel issued its report.

Does the absence of one member of a screening panel render the panel's action void or voidable? A void act has no legal force or effect. A voidable act is not void in itself but may be declared void usually at the option of an affected party. If the panel's act was voidable, when were plaintiffs required to request that the district court set aside the report or to file their action against the hospital?

The Medical Malpractice Screening Panels Act, K.S.A. 65-4901 *et seq.,* was enacted by the legislature to provide for the early resolution of many medical malpractice claims without the expense, and often inordinate delay, of actual litigation. Strict adherence to the rules of procedure and evidence applicable to a civil trial are not followed. K.S.A. 65-4903. Once appointed, it is the chairperson's responsibility to insure that (1) the health care provider members of the panel file the required statement and understand their duties as a panel member; (2) the parties timely file their memoranda; (3) the panel convenes within 90 days after the screening panel is commenced; (4) the parties are notified in writing of the meeting; (5) the panel's written recommendation is supported by corroborating reference to published literature and other relevant documents; and (6) within seven days of the decision, a copy of the panel's opinion is pro-

vided to each party and each of the attorneys and the district judge.

First, we note that because the parties do not actively participate in the decision-making process, the medical malpractice screening procedure is not akin to arbitration, mediation, or an administrative proceeding. Arbitration is the referral of a dispute to an impartial (third) person chosen by the parties to the dispute who agree in advance to abide by the arbitrator's award issued after a hearing at which both parties have an opportunity to be heard. Black's Law Dictionary 96 (5th ed. 1979). See K.S.A. 72-5424, which provides that a board of education and a professional employees' organization may agree to binding arbitration of disputes involving interpretation, application, or violation of agreements covering terms and conditions of professional services. Unlike arbitration, the findings and recommendations of the panel are not binding on the parties.

Mediation and conciliation are recognized legal terms of art for what is commonly referred to as "nonbinding arbitration." It is the function of a mediator to bring the parties together voluntarily under such favorable auspices as would tend to effect settlement of the dispute, but unlike the arbitrator, the mediator does not have any power of compulsion in the proceedings. See K.S.A. 72-5426, which provides for nonbinding mediation when a board of education and a professional employees' organization reach an impasse in negotiating the terms of an agreement.

A medical malpractice screening panel is not an administrative body created by law to administer, interpret, or enforce the law. The act provides a procedure where individuals trained in the field of medicine confer and provide an impartial determination of whether the health care provider departed from the standard of care in a way which caused the claimant damage.

Even though the panel's written recommendation to the parties is supported by corroborating references to published literature and other relevant documents, it is not binding on the parties. If one or more of the parties rejects the final determination of the screening panel, the plaintiffs may proceed with the action in the district court. K.S.A. 65-4905. If the action proceeds to trial, the written report of the screening panel is admissible in the legal proceeding. Either party may subpoena any and all

members of the panel as witnesses for examination relating to the issues at trial.

But like arbitration, mediation, and an administrative procedure, the medical malpractice screening procedure requires that each of the parties or their designee meet with a third person to discuss, deliberate, and reach a conclusion. The legislature directed that screening panels "shall" consist of three panel members. The membership of the panel consists of three health care providers—one designated by the person against whom a claim is made, one designated by the claimant, and one selected jointly by the parties. The statutes provide a process for substitution of members or a method of selecting the third health care provider if the parties cannot jointly select the third health care provider. If the three voting panel members cannot agree, a concurring or dissenting member of the panel may file a concurring or dissenting opinion.

It is a fundamental rule of statutory construction that when a statute is clear and unambiguous, the court must give effect to the legislative intent therein expressed rather than make a determination of what the law should or should not be. *In re Mary P.*, 237 Kan. 456, 459, 701 P.2d 681 (1985). The legislature clearly required that the panel consist of three members and that all three members of the panel participate and reach a conclusion of the issue.

Here, the record indicates the chairman of the screening panel, for whatever reason, was dilatory in undertaking his duties and in conducting the business of the screening panel. The chairman failed to give the notifications to the parties required by statute and Supreme Court Rule 142 (1992 Kan. Ct. R. Annot. 126) and to insure that all three health care providers selected as panel members qualified and participated in the decisional process. The direct result of his failing to follow the statutes and Supreme Court Rule 142 excluded the plaintiffs' designee from participation in the deliberations of the screening panel.

Under the circumstances, the plaintiffs had 30 days from the issuance of the panel's recommendation to challenge the validity of the composition of the panel in the district court or to file its civil action against the hospital prior to the expiration of the statute of limitations, which remained tolled until 30 days after

the panel's recommendation was issued. Although the district court was not correct in finding the panel had acted properly, it was correct in determining that the plaintiffs' cause of action was barred by the statute of limitations.

Affirmed.