No. 113,206

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DANIEL MACIAS,
*Appellant*,

v.

CORRECT CARE SOLUTIONS, INC., DR. CHARLTON D. LAWHORN,
DR. PAUL CORBIER, and DR. GORDON HARROD,
*Appellees*.

SYALLABUS BY THE COURT

1.

K.S.A. 65-4901 *et seq.* provides a procedure for evaluating medical malpractice claims either before suit is brought or after a medical malpractice action has commenced. The procedure calls for the district court to convene a screening panel and appoint an attorney as the nonvoting chairperson of the panel. When suit has not yet been brought, the opposing parties each select a health care provider to serve on the panel, and the parties jointly select a third health care provider to serve. To facilitate the process, K.S.A. 2014 Supp. 65-4901(c) requires the state agency which licenses health care providers to make available a list of health care providers who are willing to serve on a medical screening panel. The claimant is required under Supreme Court Rule 142(d) (2015 Kan. Ct. R. Annot. 249) to authorize health care providers to release the claimant's medical records to members of the screening panel. Supreme Court Rule 142(h) requires the claimant to provide the screening panel with "all medical records, medical care facility records, x-rays, test results, treatises, documents, tangible evidence, and written contentions on which the plaintiff relies." Supreme Court Rule 142(j) requires that the claimant's contentions set forth the legal and factual issues and briefly state the applicable law, including citations. The panel then meets and determines whether, in the panel's

1

opinion, the person or entity against whom the claim is made breached the applicable standard of care and, as a result, caused damages to the claimant. The panel's written report may be admitted into evidence at any subsequent legal proceedings on the claim.

2.

Screening panel proceedings are not habeas corpus proceedings under K.S.A. 60-1501, proceedings under K.S.A. 60-1507, or criminal proceedings in which courts grant some procedural leeway to pro se criminal defendants. The screening panel procedure is strictly civil in nature, and the claimant is required to follow the same procedural rules which are binding upon opposing parties who are represented by counsel.

3.

An appellate court has the duty to question subject matter jurisdiction on its own initiative. Whether an appellate court has subject matter jurisdiction over an appeal is a question of law over which the appellate court's review is unlimited. When the record discloses a lack of subject matter jurisdiction, the appellate court must dismiss the appeal.

4.

The right to appeal is purely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statute.

5.

The Kansas Medical Malpractice Screening Panels Act, K.S.A. 65-4901 *et seq.*, does not provide for any right to appeal from the convening or disbanding of a screening panel, the appointing of a panel chairperson, or any other court involvement in the screening panel process. The only relief from an adverse decision regarding a screening

panel is found in K.S.A. 65-4905, which provides that if a party rejects the final determination by the screening panel, "the plaintiff may proceed with the action in the district court."

6.

A judgment is the final determination of the rights of the parties in an action. K.S.A. 2014 Supp. 60-254(a). The dismissal of a screening panel is not a final judgment subject to appellate review. There is no statutory provision that gives an appellate court the authority to review the district court's dismissal of a screening panel.

7.

A provisional remedy is a temporary remedy awarded before judgment and pending the action's disposition, such as a temporary restraining order, a preliminary injunction, a prejudgment receivership, or an attachment. The Kansas screening panel procedure does not provide a provisional remedy. Therefore, an order by the district court dismissing a screening panel is not an "order that discharges, vacates or modifies a provisional remedy" under K.S.A. 2014 Supp. 60-2102(a)(1) so as to permit an aggrieved party to invoke the jurisdiction of the Kansas Court of Appeals as a matter of right.

Appeal from Leavenworth District Court; DAVID J. KING, judge. Opinion filed February 12, 2016. Appeal dismissed.

*Daniel Macias*, appellant pro se.

*Trevin E. Wray* and *Casey L. Walker*, of Simpson, Logback, Lynch, Norris, P.A., of Overland Park, for appellee Paul Corbier.

*Bradley S. Russell* and *Tracy M. Hayes*, of Sanders Warren & Russell, LLP, of Overland Park, for appellee Correct Care Solutions, Inc.

3

*Mark R. Maloney*, of Gilliland & Hayes, LLC, of Wichita, for appellee Gordon Harrod.

*Mary E. Christopher*, of Goodell, Stratton, Edmonds & Palmer, L.L.P., of Topeka, for appellee Charlton Lawhorn.

Before BRUNS, P.J., MCANANY, J., and JOHNSON, S.J.

MCANANY, J.: Our legislature has provided a procedure found in K.S.A. 65-4901 *et seq.* for evaluating medical malpractice claims either before suit is brought on the claim or after a medical malpractice action has been commenced. The procedure calls for the district court to convene a screening panel. The nonvoting chairperson of the panel is an attorney appointed by the court. When suit has not yet been brought, the panel members shall consist of a health care provider selected by the complainant, a health care provider selected by the person or entity against whom the claim is made, and an additional health care provider jointly appointed by the claimant and the opposing person or entity. The panel thus constituted then meets and determines whether, in the panel's opinion, the person or entity against whom the claim is made breached the applicable standard of care and, as a result, caused damages to the claimant. The panel's written report may be admitted into evidence at any subsequent legal proceedings on the claimant's claim.

This appeal arises out of the district court's decision to dismiss a medical malpractice screening panel requested by Daniel Macias, an inmate at the Lansing Correctional Facility. Macias requested a screening panel "to evaluate his case and render an opinion regarding the incompetence of C.C.S. and it's [*sic*] contract physicians in this matter." C.C.S. is Correct Care Solutions, Inc., which is alleged to have contracted with the Kansas Department of Corrections to provide health care to Kansas prison inmates.

4

The "contract physicians" Macias referred to are Drs. Lawhorn, Corbier, Harrod, and two "John/Jane Doe" physicians.

Macias sought a screening panel to evaluate the treatment he received during the period 2004 through 2012 for sinus infections and abdominal pain. He received various medications for these conditions, but he does not make any specific claim that providing any of these medications for his conditions was negligent other than a generalized claim that prescribing these drugs for him was a "guinea pigging of medications."

Macias claims Dr. Sunderland recommended nasal septal reconstruction surgery but that Dr. Lawhorn denied this surgery in 2008. Macias does not contend that Dr. Sunderland was right and Dr. Lawhorn was wrong in this recommendation.

An ultrasound and CAT scan were performed to diagnose Macias' stomach problems. Macias also refers to receiving an EGO which we assume to be an EGD—an esophagogastraduodenoscopy or an upper GI endoscopy. He does not contend these procedures were negligently ordered or performed. His generalized claim of fault is that "C.C.S. and all of their contract physicians have refused to take the proper medical steps to resolve plaintiff's medical problems and allay his extreme pain and suffering, simply because they wish to cut corners and not spend the money required for specialists and surgery."

Macias asked the district court to convene a screening panel. In response, the district court gave notice to Macias and C.C.S. and to the court-appointed panel chairperson, attorney Carol Hall, that a panel was being convened. The court instructed Macias to designate a screening panel member and notify Hall of his choice within 10 days. The court also provided to Macias a copy of the screening panel statutes and

5

Supreme Court Rule 142 (2015 Kan. Ct. R. Annot. 249), which explained the procedures and requirements for a medical malpractice screening panel.

One of these statutes the court provided to Macias, K.S.A. 2014 Supp. 65-4901(c), specifically states that the state agency which licenses health care providers is responsible for maintaining and making available a list of health care providers who are willing to serve on the screening panel. Macias had the ability to contact directly the appropriate State licensing agency to obtain a list from which he could select a panel member. Nevertheless, Macias never appointed a screening panel member. Though he claims that Hall sent him a letter indicating she would provide him with a list of potential panel members, there is no such letter in the record on appeal. It was Macias' responsibility to appoint a screening panel member. Under K.S.A. 2014 Supp. 65-4902, the only time a district judge may select a panel member is when the parties are supposed to jointly designate a panel member but cannot agree on a selection. That provision did not apply.

Supreme Court Rule 142, which relates to medical and professional malpractice screening panels, defines "plaintiff" to include a party who has filed suit and a party who has not yet brought suit. Supreme Court Rule 142(b)(1)(A). Supreme Court Rule 142(d) required Macias to provide medical authorizations authorizing his health care providers to release his medical records to members of the screening panel. Supreme Court Rule 142(h) required him to provide to the screening panel "all medical records, medical care facility records, x-rays, test results, treatises, documents, tangible evidence, and written contentions on which the plaintiff relies." Supreme Court Rule 142(j) required that Macias' contentions set forth the legal and factual issues and briefly state the applicable law, including citations. Macias did not explain to the district court why he did not provide medical authorizations, contentions, medical records, x-rays, test results, treatises, and other documents as required. Macias had not accomplished any of these tasks prior to the district court's hearing on the matter.

6

At this point we pause to note that this proceeding was not a K.S.A. 60-1501, a habeas corpus, a K.S.A. 60-1507, or a criminal proceeding in which courts grant some procedural leeway to pro se criminal defendants. This was a strictly civil matter, and Macias was required to follow the same rules of procedure which were binding upon C.C.S. and the physicians who were represented by counsel. See *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, 595-96, 730 P.2d 1109 (1986).

The physicians and C.C.S. moved the court to set aside its order convening a screening panel. Macias was provided notice of the pending motions, but he did not respond. The motions were set for hearing, and a notice of hearing was served on all the various participants, including Macias, more than a month before the scheduled hearing date.

Macias did not request to be transported from the prison in Lansing to the court in Leavenworth to attend the hearing, so he was not present at the hearing. Counsel for C.C.S. advised the court that she had called the prison and confirmed that Macias did not request that he be transported to court for the hearing.

At the hearing, the district court granted all of the defendants' motions to dismiss. The court adopted the grounds cited in the movants' briefs in dismissing the proceedings. The court based its decision primarily on Macias' failure to designate a screening panel member, his failure to provide his contentions of medical negligence against C.C.S. and the doctors, his failure to provide his medical records, and the expiration of the statute of repose on most of Macias' possible claims. The court reasoned:

> "The Court also finds that Mr. Macias has failed to prosecute this action, not
> before June of 2014, but after June of 2014, when there was the convening of the Medical
> Malpractice Screening Panel by failure to designate a screening panel [member], failure

7

to provide the contentions and the records, and to do those things that a claimant would be required to do.

"The Court would note that common to all these claims is that [his] Petition, which I now have access to those images and I reviewed that Petition again just a moment ago, begins reciting facts that go back to 2004. And . . . the statute of repose for professional negligence claims for healthcare issues is four years.

"So, anything more than four years prior to the initiation of the Medical Malpractice Screening Panel in August of 2013, any claims related to that would have been extinguished by the statute of repose and, so, really the only thing that, even had he prosecuted the matter, that the Court would be considering would be those allegations that occurred within four years of the initiation of the Medical Malpractice Screening Panel. So, that limits a number of the claims.

"In addition to that, a number of these claims do not make any allegation, or even an inference of an allegation, about providing medical care, or healthcare services by a healthcare professional that deviated from the required standard of care. They relate to allegations regarding administrative matters about potential or recommended treatment that was disapproved.

"And if this states a malpractice claim, then, every insurance company's decision on approval or dismissal of recommended medical treatment would involve a medical malpractice claim and that's clearly not the law."

Macias objected to the proposed journal entry memorializing the court's rulings. The court overruled Macias' objection, noting that the order dismissing the screening panel did not affect Macias' right to pursue any claims for medical malpractice. Macias appealed.

This court ordered the parties to show cause as to why this appeal should not be dismissed on the grounds that no suit for medical negligence had been commenced. Macias failed to respond. C.C.S. and the doctors responded that there is no statutory right to appeal an order dismissing a screening panel, and this court lacked jurisdiction to consider Macias' appeal.

Thereafter, we dismissed this appeal. Macias then moved to reinstate the appeal, citing K.S.A. 2014 Supp. 60-2102(a) and claiming the district court's order was appealable as "[a]n order that discharges, vacates, or modifies a provisional remedy." He argued that provisions for a screening panel were enacted to aid in the early resolution of medical malpractice claims without the expense and delay of actual litigation. We restored the appeal, and the matter is now before us for a decision.

We have the duty to question subject matter jurisdiction on our own initiative. When the record discloses a lack of subject matter jurisdiction, we must dismiss the appeal. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 916, 296 P.3d 1106 (2013). Whether we have subject matter jurisdiction over this appeal is a question of law for which our review is unlimited. *Frazier v. Goudschaal*, 296 Kan. 730, 743, 295 P.3d 542 (2013).

The right to appeal is purely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statute. *Board of Sedgwick County Comm'rs v. City of Park City*, 293 Kan. 107, 111, 260 P.3d 387 (2011). Kansas does not recognize any equitable exceptions to this rule. 293 Kan. 107, Syl. ¶ 3; see *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 609-10, 244 P.3d 642 (2010).

The Kansas Medical Malpractice Screening Panels Act, K.S.A. 65-4901 *et seq.*, provides for convening screening panels and sets forth the procedures for appointing panel members and the panel's operating procedures thereafter. None of the statutes governing screening panels conveys or suggests the existence of a right to appeal the convening or disbanding of a screening panel, the appointing of a panel chairperson, or any other court involvement in the screening panel process. The only provision for relief

9

from an adverse decision regarding a screening panel is found in K.S.A. 65-4905, which provides that if a party rejects the final determination by the screening panel, "the plaintiff may proceed with the action in the district court."

K.S.A. 2014 Supp. 60-254(a) states that "[a] judgment is the final determination of the parties' rights in an action." Macias appears to concede that the dismissal of the screening panel is not a final judgment. We find no statutory provision that gives us the authority to review the district court's dismissal of a screening panel.

But Macias claims that K.S.A. 2014 Supp. 60-2102(a)(1) permits this appeal because it is from "[a]n order that discharges, vacates or modifies a provisional remedy." A provisional remedy is "[a] temporary remedy awarded before judgment and pending the action's disposition, such as a temporary restraining order, a preliminary injunction, a prejudgment receivership, or an attachment." Black's Law Dictionary 1485 (10th ed. 2014). A screening panel provides no comparable relief for a litigant or prospective litigant. In fact, it does not provide any relief at all. A medical malpractice screening panel is not intended to provide a temporary remedy to the plaintiff. Its decision is not an enforceable judgment. Its decision does not compel settlement of a claim or pending suit. It may be introduced in later proceedings on the claim, but a future factfinder is free to accept or reject its conclusions. Thus, screening panels do not provide relief in the form of a remedy that serves as an appealable order. They do not provide a provisional remedy. It logically follows that the dismissal of a screening panel is not an appealable order.

But both our Supreme Court and panels of this court have previously decided issues arising directly from a district court order regarding a screening panel independent of any court action regarding an accompanying medical malpractice action. In *Johnson v. Mehta*, 266 Kan. 1060, 974 P.2d 597 (1999), the Supreme Court took up the question

10

whether the district court erred in dismissing a screening panel because the plaintiff failed to prepay a costs deposit or file an affidavit of indigence or hardship.

In *Cutler v. Sosinski*, 34 Kan. App. 2d 647, 122 P.3d 405 (2005), a screening panel concluded that the respondent doctor did not depart from the applicable standard of care. The claimant complained to the court that the panel did not cite "'corroborating references'" as required by the statute, so the court should convene a new panel. 34 Kan. App. 2d at 648. The district court declined to do so and accepted the panel's report. The claimant moved the court to reconsider, but the court declined and told the claimant that her remedy was to file suit on her claim. On appeal, this court determined that the district court did not abuse its discretion in denying the claimant's motion to reconsider. 34 Kan. App. 2d at 651.

In another decision by this court, *Webber v. Schmidt*, No. 93,681, 2005 WL 2347803 (Kan. App. 2005) (unpublished opinion), this court affirmed the district court's order quashing the screening panel order on two grounds:  (1) a screening panel is not required when the targeted health care provider owed no duty to the person alleged to have been injured; and (2) a certified nurse's aide is not subject to the statutory screening panel provisions applicable to medical or professional licensees.

None of these cases considered whether the district court's action with respect to a screening panel was an appealable order. In most cases, an issue involving the medical malpractice screening panel is addressed as part of the appeal of a final judgment in a medical malpractice lawsuit. See *e.g. Smith v. Graham*, 282 Kan. 651, 147 P.3d 859 (2006); *Lawless v. Cedar Vale Regional Hosp.*, 252 Kan. 1064, 850 P.2d 795 (1993); *Heronemus v. Correct Care Solutions*, No. 107,644, 2013 WL 388064 (Kan. App. 2013) (unpublished opinion). In these few cases in which the appellate court considered claims of error by the district court in the disposition of a screening panel's work, we have no

indication that the issue of statutory subject matter jurisdiction was ever raised or considered by the appellate court. Thus, we consider ourselves unconstrained in considering this issue in the present context.

For the reasons discussed earlier, we conclude that a decision from a medical malpractice screening panel is not binding on the parties and does not provide a remedy to either party. Rather, it facilitates negotiations and settlement prior to or during the early stages of a medical malpractice lawsuit. Because a party cannot receive a binding decision or remedy from a medical malpractice screening panel, it is not a final order for which our legislature has provided a right to appeal to our appellate courts. The remedy for an unsatisfied claimant or plaintiff is to proceed with civil litigation on the merits of the medical malpractice claim.

Because there is no statutory right to appeal the dismissal of a request for a medical malpractice screening panel, this court lacks jurisdiction to review the order dismissing the screening panel in this case.

Appeal dismissed.